183 So. 396

**ALABAMA POWER CO. v. CITY OF GUNTERSVILLE et al.**

**8 Div. 911.**

Supreme Court of Alabama.

June 30, 1938.

Rehearing Denied Oct. 6, 1938.

Street & Orr, of Guntersville, and Martin, Turner & McWhorter, of Birmingham, for appellant.

504

Claud D. Scruggs, of Guntersville, and Stockton Cooke, Jr., of Sheffield, for appellees.

FOSTER, Justice.

·There has been previous litigation between these parties, reported in 235 Ala. 136, 177 So. 332, 114 A.L.R. 181. ·

This bill by the Alabama Power Company was filed after the City of Guntersville had its electric distribution system substantially completed. It seeks (1) a temporary injunction (later to be permanent), enjoining the city from energizing its system where certain alleged hazardous conditions exist; (2) a mandatory injunction requiring defendant to remedy those conditions, which are alleged to be contrary to the standard rules of safe construction; (3) a temporary injunction against the construction of additional dangerous conditions contrary to said rules.

Appellant is operating an electric distribution system in Guntersville under authority of a franchise granted July 5, 1915. The city has decided to compete with appellant in such service as it has a right to do, 235 Ala. 136, 177 So. 332, 114 A.L.R. 181, and for that purpose has constructed its separate system and now energized it in whole or part. In doing so, it is not engaged in a governmental function but a business enterprise, and as such must take its place with other industries, except that it is not subject to regulation by the Alabama Public Service Commission, and had no need of a certificate of convenience and necessity in order to enter into and conduct such a business as would be necessary on the part of a private company doing a utility business. In all other respects it is'liable to the same rules including those of due care and skill as apply to appellant conducting its business, or to any other operating utility.

Since appellant first constructed its system, and was the first to operate it so far as present purposes are concerned, when the city enters the same field it'must observe the same safety measures as if it were another company with a second franchise, to the extent that they are necessary in the observance of due care. As such it cannot force appellant to alter its arrangements which would not otherwise be necessary, to make the continued operation of its system reasonably safe, without just compensation under section 235, Constitution.

In our former case between these parties, 235 Ala. 136, 177 So. 332, 114 A.L.R. 181, this Court declared that section 235, Constitution, did not protect one from consequential damages resulting from economic causes due to competition from a rival business set up and operated by lawful authority, but that there must be some physical disturbance of the use of the property causing damage to the owner. This theory has been adopted in a later case by the Supreme Court of the United States. Alabama Power Co. v. Ickes, 302 U.S. 464, 58 S.Ct. 300, 82 L.Ed. 374. But in Los Angeles v. Los Angeles Gas & Electric Corporation, 251 U.S. 32, 40 S.Ct. 76, 64 L.Ed. 121, that court also held that when a city constructed such competing system, and thereby created a dangerous condition in respect to an existing utility lawfully operating there first, so as to force it to provide safe "space" for use by the city of its system, else to suffer the continuance of a dangerous hazard created by the city it was thereby taking property without just compensation, and without due process under the Fourteenth Amendment, U.S.C.A.Const. Amend. 14, and that equity should protect the company under such circumstances. Pertinent on that subject are our cases of Powell v. Sammons, 31 Ala. 552, 560; McEachin v. City of Tuscaloosa, 164 Ala. 263, 51 So. 153; City Council of Montgomery v. Maddox, 89 Ala. 181, 7 So. 433; Town of Avondale v. McFarland, 101 Ala. 381, 13 So. 504.

■ If the city has created such dangerous conditions, and refuses to remedy them as charged in the bill, appellant cannot for that reason cease to serve the public as a public utility, and may be liable to the public for damage thus resulting. Dwight Mfg. Co. v. Word, 200 Ala. 221, 75 So. 979; Alabama Power Co. v. Faulkenberry, Ala.Sup., 180 So. 712.[1] To that extent the city is creating physical injury to appellant's property or to the right to use it as it is authorized and bound to do.

The authorities cited above hold that it is a form of eminent domain in violation of appellant's constitutional rights and therefore it may be enjoined from maintaining such a hazard which it creates without just compensation. Mobile County v. Barnes-Creary Supply Co., 225 Ala. 127, 142 So. 72, and cases there cited.

If the hazards exist as set forth in the bill, and are as dangerous as described there and in supporting affidavits, appellant should have its injunction as prayed for. But the counter affidavits showing that there has been a correction of those dangers, which are of importance, are submitted in such manner and form as to make the evidence, all by ex parte affidavits, in serious conflict.

This case is here on appeal from a decree denying temporary injunction. The right to a temporary injunction involves a decision of the disputed question, on which the final right depends. A temporary injunction commanding the city to remedy the defects would have all the result which a final decree so adjudging and ordering could have; and an injunction which would prevent the city from energizing its system at certain alleged dangerous locations would be a different method of accomplishing the same purpose.

In the case of City of Decatur v. Meadors, 235 Ala. 544, 180 So. 550, we said this as to a temporary mandatory injunction (page 552):

"It is familiar law that mandatory injunctions are rarely granted on interlocutory applications, and to justify the granting of the writ on preliminary hearing 'the right of complainant must be clear and unmistakable on the law and the facts; and there must exist an urgent and paramount necessity for the issuing of the writ in order to prevent extreme or other serious damage which would ensue from withholding it.' 32 C.J. pp. 24-26, § 7; 14 R.C.L. 317, § 16; Pennsylvania R. Co. v. Kelley, 77 N.J.Eq. 129, 75 A. 758, 140 Am.St.Rep. 541.

" 'If the issuance on preliminary application of an injunction mandatory in nature will have the effect of granting to the complainant all the relief that he could obtain upon a final hearing, the application should be refused except in very rare cases, and then only where complainant's right to the relief is clear and certain.' 32 C.J. 26, § 7."

■ The right to a temporary injunction is denied "in all cases where the right is doubtful, and the exercise of the power would interfere with industries promotive of public utility." English v. Progress Electric Light & Motor Co., 95 Ala. 259, 268, 10 So. 134, 137; Jones v. Jefferson County, 203 Ala. 137, 82 So. 167.

---

[1] Ante, p. 22.

506

In view of the array of witnesses testifying to the absence of serious danger, and because the temporary injunction sought is in large part mandatory of the acts sought to be accomplished in the final decree, we think that the controversy should be determined on a trial had in a way and manner much more satisfactory to find out the true conditions than by ex parte affidavits, not generally very satisfactory. There should be something brought out on cross-examination to reconcile the conflicting opinions of the expert witnesses so manifest on this submission.

We would not like in such an unsatisfactory manner to decide a question proper only on final hearing. Irwin Fishing & Hunting Club v. Cobb, 235 Ala. 394, 179 So. 183.

The decree denying the temporary injunction must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and KNIGHT, JJ., concur.

