NEW YORK DUGAN BROTHERS, INC., Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, Queens County, September 20, 1938.

*Edwin C. Morsch* [*Edwin B. Goddin* of counsel], for the plaintiff.

*Davies, Auerbach & Cornell* [*Kenneth W. Greenawalt* of counsel] filed brief for Cushman's Sons, Inc., as *amicus curiæ*, in support of the motion.

*William C. Chanler, Corporation Counsel* [*Charles C. Weinstein* and *Francis J. Bloustein*, of counsel], for the defendant, opposed.

HALLINAN, J. The plaintiff brought an action to restrain the defendant from enforcing a certain ordinance (Ordinance No. 54, Approved Paper No. 348█) which was adopted by the board of aldermen on December 14, 1937, and approved by the mayor on December 24, 1937, upon the ground that the said ordinance is unconstitutional. The title of the ordinance is as follows: " An Ordinance to Prohibit Peddling and Hawking and Offering for Sale of Bakers' Products Within 1,000 Feet of Any Bakery Now or When Established in the City of New York."

Section 1 thereof reads: " Peddling of bakers' products within 1,000 feet of any bakery now or when established and doing business during the existence of this Ordinance is hereby prohibited."

Because the plaintiff's employees are being summoned to court for performing their duties within the restricted areas as fixed in the said ordinance, a motion has been made for a temporary restraining order. The plaintiff asserts therein that it does not hawk or peddle its products; that its agents canvass residential sections and obtain orders and fill such orders either at the time of the solicitation or at a future date; that it sometimes receives standing orders and at other times orders by telephone at branch and distributing stations; that its trucks are permitted to stand in front of houses for a time sufficient only to make sales or deliveries; that no bell is rung or horn blown or any other device used to direct attention to their presence in the neighborhood.

The city, on the other hand, though conceding that the plaintiff distributes its products to regular customers and makes deliveries as a result of telephone orders, contends that it also solicits orders and sales and peddles and hawks its products on the streets and highways of the city.

If the question as to whether the plaintiff's acts constitute peddling or hawking within the purview of the ordinance, were the sole issue presented in this application, the court would be constrained to deny it upon the ground that the question of fact thus presented should be resolved after trial. But the principal question raised by the plaintiff upon this motion, and argued by it and the city in memoranda, is whether the ordinance is constitutional, it being assumed that the plaintiff's salesmen are peddling within the meaning of the ordinance.

Mr. Justice SHIENTAG, without passing upon its constitutionality, said the following concerning the ordinance, in *Matter of Forest v. Morgan* (169 Misc. 599): " No hearing on the ordinance was held by the board of aldermen and no memorandum was handed down when it was approved. There is nothing in the papers before me to indicate what prompted the enactment of the measure. Nothing is submitted by the city to show what purpose the ordinance was intended to serve. Clearly, it is not a health measure, nor is it calculated to promote safety on the public highways. *All that can be gathered from the ordinance itself and from the record before me is that it was intended to eliminate some of the competition between bakery stores and those peddling bakery products.*" (Italics mine.)

What was true in the application before Mr. Justice SHIENTAG is likewise true in the instant case. In fact the city has now confirmed the conclusion of the learned justice that the ordinance " was intended to eliminate some of the competition between bakery stores and those peddling bakery products" since it stated in the affidavit of Officer O'Keefe, in opposition, that before the ordinance was passed, the committee on general welfare, in urging its adoption, reported:

" The purpose of the ordinance is to prevent the selling of bread, cakes and other bakers' products by itinerant merchants within 1,000 feet of established bakeshops.

" Your Committee is of the opinion that there is merit in the ordinance. It accordingly presents the said ordinance for favorable action by your honorable Body."

I am of the opinion that the ordinance under consideration is unconstitutional. It singles out dealers in bakery products from all other types of business; it prescribes an arbitrary distance limit; it does not purport to protect public health, morals, safety, order or general welfare or any exercise of police power; it is manifestly intended and designed to benefit a special class. As well might the city pass an ordinance to the effect that milk or milk products could not be delivered by milk route-men to any one within 1,000 feet, 10 feet or 10,000 feet of a dairy store or milk plant.

As said in *People v. Kuc* (272 N. Y. 72), wherein an ordinance of the village of Port Chester prohibiting the peddling of newspapers in the streets during certain hours, was held unconstitutional: " The necessity for the restriction imposed by the ordinance involved herein is not so clear. *Reasons understandable enough when all street selling is forbidden cannot be advanced to support a regulation which applies only to newspapers*" (p. 75). (Italics mine.) And at page 74 the court said: " An ordinance enacted by a village pursuant to a delegation of power should be reasonable and its purposes

should be to protect the public health, morals, safety, order or general welfare [citing cases]. It must not be discriminatory. General ordinances forbidding unsolicited house to house canvassing or peddling, or limiting peddling or hawking to the market places, have been upheld [citing cases] * * *. In these cases the relation between the regulation and the protection of health, safety, morals or the general welfare was patent."

In the instant situation it is clear that " the protection of health, safety, morals, or the general welfare " had little to do with the enactment of the ordinance. Rather, it was intended to safeguard local bakers from competition. (*Matter of Forest* [*Morgan, Jr.*], *supra.*) " A statute cannot, under the guise of the police power, but really to affect some purpose not within such power, arbitrarily interfere with a person or property right." (*People* v. *Ringe*, 197 N. Y. 143, 149.) Such is the ordinance under consideration.

The motion is, therefore, granted upon furnishing an undertaking in the sum of $500. Settle order on notice.