STATE OF CONNECTICUT *v.* RALPH MILLER.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued January 5—decided February 23, 1940.

*Leon M. Gabriel,* with whom, on the brief, was *William L. Larash,* for the appellant (defendant).

*Edwin S. Pickett,* prosecuting attorney, and *Luke H. Stapelton,* for the appellee (state).

JENNINGS, J. The sole question on this appeal is the constitutionality of certain provisions of § 554e of the 1939 Supplement to the General Statutes, appearing in the footnote.[1] This was first raised by a de-

---

[1] Sec. 554e. GASOLINE STATIONS TO DISPLAY PRICE. No person shall sell or offer for sale any gasoline or other product intended as a fuel for aircraft, motor boats or motor vehicles without having displayed on each pump, where it may be readily seen by any person purchasing such fuel, a sign not exceeding one hundred and twenty-six square inches in size, showing the retail price per gallon, the combined state tax and federal tax applicable thereto and the total cost thereof to the purchaser, in three separate sets of figures. All figures thereon shall be the same size and not less than two and one-half inches high and proportionately wide except fractions of a

murrer to the information which was overruled, not on the ground that the statute was constitutional but on the ground that a decision of such importance should be left to a higher court. *State* v. *Muolo,* 119 Conn. 323, 326, 176 Atl. 401. No objection is made to the statute in so far as it requires the price of gasoline to be displayed on the pumps. The sole objection is to that portion which forbids the display of the price on other parts of the premises or in the vicinity and this opinion is concerned only with this latter provision of the statute. The first ground of demurrer claims that the prohibitory section of the statute is unconstitutional because it provides for an unreasonable exercise of the police power and, therefore, deprives the accused of property without due process of law contrary to the provisions of the Ninth Section of Article First of the Constitution of Connecticut and of the Fourteenth Amendment to the Constitution of the United States. After the demurrer was overruled the defendant was convicted after a trial. The same reason was advanced for a discharge as was set up by demurrer and the question will be considered on the undisputed finding.

The defendant was a retail dealer in motor fuel having a place of business on a heavily traveled road in West Haven. He dealt in a motor fuel called "Benzoline," which was equal, if not superior, to "regular" or "standard" gasoline. This was purchased from an independent distributor operating only in Connecticut

cent, of which the numerator and denominator shall be of equal size and the combined overall size shall be the same as that of the whole number. No other signs showing the sale price or discounts on prices of motor fuels, except such signs contained on the face of computing pumps, shall be posted or displayed upon, at, or within the vicinity of, the premises where such products are offered for sale or sold at retail. Retail dealers shall not post or display signs showing the sale price of petroleum products other than motor fuels, which signs shall exceed the dimensions and specifications provided herein for motor fuel price signs.

which purchased its product in the open market. For a long time prior to July 1, 1939, the defendant displayed on and near his premises, advertising signs stating the price per gallon of his product. This price, including tax, was customarily from one to two cents less per gallon than the more widely known brands.

Shortly after July 1, 1939, the effective date of the statute in question, the defendant was advised by a state inspector that he must discontinue the signs customarily displayed by him and that he must display on his dispensing pumps only the price signs required by the statute. An immediate depreciation in his sales of gasoline following his compliance with this direction. On September 24, 1939, for the purpose of testing the validity of the statute the defendant posted on his premises a sign, in evidence, five hundred and forty-six square inches in size, bearing the name and price of his product. The signs permitted by law are not discernible by the traveling public and only the larger and more prominently displayed form of price signs are likely to attract the transient trade. "Benzoline" is not a nationally known or widely advertised product. Neither the defendant nor his distributor can afford extended advertising or "super service" stations and they can counteract these advantages only by charging less for a fuel of equal or better quality, advertised inexpensively by signs on or near the premises of the retailer.

On these facts the trial court reached the following conclusions: (1) The inability of the defendant to display a price sign larger than that allowed by the statute caused him a loss of business, (2) the requirement is more detrimental to independent dealers than to those handling nationally advertised products, (3) the prohibition has no reasonable relationship to any proper objective of the police power, (4) is not neces-

sary for the correction of any known evil in the industry, (5) has for its purpose and effect the promotion of the economic interest of the national oil companies at the expense of the independent gasoline distributors, (6) operates injuriously on the purchasing public by tending to eliminate the only competitive basis in the industry, and (7) deprives the defendant of his right to conduct a lawful business in a manner which is lawful and absolutely essential for the effective maintenance thereof without the justification of any public necessity.

In the absence of any cross-appeal, this finding and these conclusions would justify the discharge of the defendant. Where the constitutionality of a statute is questioned, however, every presumption and intendment should be made in its favor and the legal implications of the question are therefore considered. *State* v. *Muolo*, supra.

In view of our comparatively recent analyses of the extent of and limitations on the police power, there is no necessity for repeating that discussion here. *Windsor* v. *Whitney*, 95 Conn. 357, 111 Atl. 354; *State* v. *Kievman*, 116 Conn. 458, 165 Atl. 601. While the police power extends to all the great public needs (*Noble State Bank* v. *Haskell*, 219 U. S. 104, 111, 31 Sup. Ct. 186), there must be some reasonable basis for interference with the right to carry on a lawful business. *State* v. *Cullum*, 110 Conn. 291, 293, 147 Atl. 804. "Nothing is more clearly settled than that it is beyond the power of a state, 'under the guise of protecting the public, arbitrarily [to] interfere with private business or prohibit lawful occupations or impose unreasonable and unnecessary restrictions upon them.'" *New State Ice Co.* v. *Liebmann*, 285 U. S. 262, 278, 52 Sup. Ct. 371, 76 L. Ed. 747. Selling gasoline is a lawful business which is not "'affected

with a public interest.' " *Williams* v. *Standard Oil Co.,* 278 U. S. 235, 239, 49 Sup. Ct. 115, 73 L. Ed. 287; *Perdue* v. *Zoning Board of Appeals,* 118 Conn. 174, 179, 171 Atl. 26. Price is one of the most common as well as one of the most effective elements in competition. *People ex rel. Moskowitz* v. *Jenkins,* 202 N. Y. 53, 58, 94 N. E. 1065. An ordinance, the real purpose of which is to stifle competition, cannot be supported as an exercise of the police power unless some reasonable connection with health, safety, morals or the general welfare can be made to appear. *New York Dugan Bros., Inc.* v. *New York,* 169 Misc. 209, 211, 7 N. Y. S. (2d) 162. The only grounds advanced in support of the constitutionality of the provisions of the act in question are that it might protect the public from fraud and that it might conduce to the safety of automobile drivers upon the highways. We are not able to see, either from the provisions themselves or from the facts found, how they could have any appreciable effect in protecting the public from fraud. It is apparent from the fact that advertising signs for other kinds of business carried on beside the highways, or even by operators of gasoline stations, are not similarly restricted, that the purpose was not to promote the safety of travelers upon the highway.

Similar statutes have been passed in New Jersey and Massachusetts and a similar ordinance in New York City. Three judges of the New Jersey Supreme Court have held the prohibitory portion of the statute unconstitutional in *Regal Oil Co.* v. *State,* 10 Atl. (2d) 495, in an opinion filed December 6, 1939, and the same result was reached in a New York Magistrates' Court, Keutgen, J., in *People ex rel. Jones* v. *Mestichelli,* 18 N. Y. S. (2d) 406. The state relies almost entirely on the decision by the Massachusetts Supreme Court in *Slome* v. *Chief of Police,* Mass. Advance

Sheets, 1939, p. 1605. This decision appears to assume, without any substantial basis, that the prohibition is to prevent fraud and then to apply the unquestioned doctrine that legislation to prevent fraud is within the police power.

The information charged the defendant with the violation of that portion of the statute, contained in the last two sentences, prohibiting the display of price signs and, as stated above, that is the only portion of the statute with which we are concerned. The two parts of the statute are obviously intended to effect different purposes, are independent and severable. *State* v. *Wheeler*, 25 Conn. 290, 299; 1 Cooley, Constitutional Limitations (8th Ed.) 360. No ground on which the validity of this provision can be sustained has been suggested or found. We are constrained to hold the last two sentences of the statute unconstitutional and invalid for the reasons stated. The case was tried to the court and can be disposed of on the finding.

There is error and the case is remanded with direction to discharge the defendant.

In this opinion the other judges concurred.