6 So.2d 502

**ALABAMA INDEPENDENT SERVICE STATION ASS'N et al. v. McDOWELL, Sheriff, et al.**

6 Div. 901.

Supreme Court of Alabama.

Jan. 29, 1942.

Rehearing Denied March 12, 1942.

Bowers & Dunn, of Birmingham, for appellee Spur Distributing Co.

Lange, Simpson, Brantley & Robinson, of Birmingham, for appellants.

BROWN, Justice.

The complaint is filed under the Declaratory Judgment Act, Code 1940, Tit. 7, § 156 et seq., seeking to invoke the court's jurisdiction to enter a declaratory judgment as to the constitutional integrity of Act No. 607, approved July 2, 1940, General Acts 1939, pp. 972, 973, Code 1940, Tit. 2, § 425 (1) et seq., entitled: "An Act To regulate the sale of motor fuel and lubricating oils at retail for use and consumption in motor vehicles so as to require the posting of retail prices and prohibiting the selling of such products at prices other than those posted, and to fix penalties for the violations thereof."

The suit was brought on the law side, was tried and disposed of as an action at law, and bill of exceptions was reserved for the purposes of appeal.

Section 1 of said act makes it unlawful for retailers of motor fuels for use or consumption in motor vehicles, to sell or to deliver to such vehicle for such use therein of "any product whatsoever for use in supplying, creating or generating motive power to such motor vehicle, or lubricating oil for such motor vehicle, unless such person, firm or corporation shall conspicuously and plainly post on the pump or stand from which delivery is made a sign or placard, stating the price or prices of each such product, amount of tax to be stated separately, and so that such prices can be read and easily distinguished by brand or other designation in legible words, letters and figures of uniform size and dimensions, not less than one inch in heighth, which said sign or placard shall be so located and placed that it may easily be seen and read by purchasers or prospective purchasers of such product or oil."

Section 2, after repeating the prohibitory provisions of Section 1, prohibits such sale "except at the exact price or prices contained on the sign or placard required by this subdivision, *or to offer, deliver, grant, allow, give or promise, any actual prospective, contingent, immediate or future benefits, concessions, discounts, refunds, premiums, or gratuities of any kind or nature whatsoever, which in any degree, manner or extent shall be calculated or intended to effect or accomplish a sale of such product for other than said posted price or prices.*" (Italics supplied.)

Section 3 defines "motor vehicle." Section 4 makes a violation of said act a misdemeanor punishable by fine not exceeding $50 or by imprisonment not exceeding six months, or both, and provides that "each day or part of a day shall constitute a separate offense." General Acts 1939, p. 973.

The pleadings are loose in their averments and allege no specific ground on which the statute is supposed to be unconstitutional. The complaint alleges that one of the plaintiffs is a non-profit sharing corporation and represents filling station owners, who operate filling stations, that the other—Howard Aldridge—is engaged in selling and delivering motor fuels and oils for use in generating power in motor vehicles in Birmingham, and is a filling station operator; that said Aldridge and those represented by the other plaintiff are operating in strict compliance with said act, and have been advised that if they sell and deliver such motor fuels in violation of the statute they are liable to be arrested by the sheriff, who is made a party. That the plaintiffs are operating in competition with the defendants who are engaged in a like business; that said defendants or some of them are selling without posting the prices as required by said act and others, although they have posted the prices and brand of

their motor fuels are selling in violation of the act in that:

"I. it gives with each purchase of three or more gallons of said gasoline a dish or dishes of a value of, to-wit, more than one cent, which said dish or dishes are not mentioned in the posted price of said gasoline on the pump or stand from which it is sold and

"II. it gives with the purchase of each 10 gallons of gasoline one free chassis lubrication or wash job not mentioned on the sign or placard required by Section 1 of said statute, and

"III. it issues without cost to the receiver thereof coupon books containing, to-wit, $10.00 worth of coupons in denominations from one cent to ten cents which are received and treated as of the value thereon shown in the purchase of gasoline from its station provided that not more than one cent of coupon face value is accepted on each one gallon of gasoline, and

"IV. it offers and gives an actual benefit concession premium or gratuity, viz, one dish or piece of a dinner set not mentioned in the sign or placard required by Section 1 of said statute of a value of, to-wit, one cent or more, with each three gallons of gasoline which is calculated to, and does, effect a sale of such products for other than the proposed price or prices as shown by said sign or placard."

That said defendants are advertising such gifts, by posters on their premises, and in consequence their business in volume has increased, while that of plaintiffs has decreased.

The gravamen of the complaint found in paragraph 3 thereof is thus stated:

"Plaintiff avers that they are engaged in a business actively competitive with the corporate defendants, and with all other sellers at retail of gasoline and other petroleum products in the said county, and that it is greatly detrimental to their business for them to be required to comply with said statute and their competitors, the corporate defendants to fail or refuse to comply therewith.

"Complainants are informed and believe and, therefore, aver, that the defendants challenge and deny the constitutionality and validity of the said statute, and each of the corporate defendants deny that, if constitutional, its terms and provisions prohibit the doing of the acts and things hereinafter charged against them. Plaintiffs aver that the corporate defendants are now engaged, and for a considerable time since the effective date of said statute have been engaged and propose definitely to continue to engage in the practices and conduct hereinafter against them separately charged."

One of the defendants—Alabama Motorists Association—demurred to the complaint on grounds, among others, that its averments did not show a justiciable controversy between the plaintiffs and the defendants. The plaintiffs thereupon amended their complaint by striking the demurrant as a party, and proceeded against the other defendants, Peoples Oil Company, and the Spur Distributing Company, the competitors of the plaintiffs. The sheriff answered, that he did not deny or affirm the averments of the complaint, but joins with the plaintiffs in a request for a declaratory judgment.

The defendant, Spur Distributing Company, Inc., denied the stated averments of paragraph three of the complaint, but "joins in plaintiffs' prayer for adjudication as to the constitutionality of the statute in question, and alleges and avers that said statute is repugnant to and contrary to the Constitution of the State of Alabama, and the Constitution of the United States." The defendant, Peoples Oil Company, answered, admitting that it was engaged in the business of retailing motor fuel, and "That it neither admits nor denies the averments of the complaint," and disclaimed any intention of violating the statute, and "joins in the prayer of the complaint that the constitutionality and effect of said statute be declared by the Court." This answer was filed by said corporation through its lay agent, Nullis, Dist. Supervisor.

On these pleadings evidence was offered, and the circuit court entered a judgment declaring the act unconstitutional and void, the judgment concluding with the statement "No insistence as to, or reference to, the justiciability vel non of the issue presented to the Court having been made in this cause, the same has not been considered by the Court in rendering this judgment."

The testimony was not taken before the judge presiding at the trial. The evidence shows that one of the plaintiffs is engaged in selling motor fuels, delivering such fuels to motor cars and trucks for generating power; and the other claims to represent

in some way others engaged in like business, but is not itself engaged in such business. That said plaintiff actually engaged in the operation of filling stations, and those represented by the other, sell what is known to the trade as "nationally advertised products," that is motor fuels advertised over radio hook-up, and in advertising magazines. That plaintiffs and those whom they represent are strictly complying with said Act number 607, and sell for the posted prices without reductions in the form of rebates, premiums and such.

That the defendants are engaged in like business and sell what is known as independent products, not nationally advertised, but which the individual operators, advertise by posters and placards on their respective premises offering premiums, glass dishes and silverware with purchases of different quantities, and sell for a price from one cent to two and one-half cents per gallon less than what their competitors engaged in selling the nationally advertised products for; that this method of doing business increases their volume of business, and takes business from their competitors. The independent dealers post their prices as required by the act, and the evidence shows that sales are made at the posted price "and premiums," the value of which runs from one to five cents. There is some suggestion in the testimony that sales were made by the independent dealers from pumps on which the price was not posted, and that such pumps were connected with the same tanks as the pumps on which prices were posted, and that sales were made from such non-posted pumps at less price, but such suggestion in the testimony appears to be found on nothing more than supposition or surmise, unsupported by facts. It is clear from the evidence that advertising by posting and giving premiums by the independent dealers in no sense affects the general public welfare, but such advertising and trade practice is limited to sharpening competition between the dealers in nationally advertised products and independent dealers. The proof does not support the alleged practices catalogued in paragraphs II and III set out above.

■ It is settled law in Alabama that persons sui juris and corporations must sue in their own name. An agent or representative can not sue in his or its name for them. Const.1901, Art. 1, § 10; Kanape v. Reeves, 127 Ala. 216, 28 So. 666; Nispel v. Western Union R. R. Co. 64 Ill. 311;

Ex Parte E. J. Lamberth as Receiver, etc., ante, p. 165, 5 So.2d 622; Upshaw v. Eubank et al., 227 Ala. 653, 151 So. 837.

■ It is also well settled that this court, on appeal, will not consider the constitutionality of an act of the Legislature on mere general suggestion in pleadings at the instance of parties whose legal rights are not affected. State ex rel. Knox v. Dillard et al., 196 Ala. 539, 72 So. 56.

■ To warrant proceedings under the Declaratory Judgment Act there must be a justiciable controversy between parties whose legal rights are thwarted or affected. Code of 1940, Tit. 7, §§ 157, 159, 166; Jefferson County v. Johnson, 232 Ala. 406, 168 So. 450; Teal v. Mixon, 233 Ala. 23, 169 So. 477; Bagwell v. Woodward Iron Co., 236 Ala. 668, 184 So. 692; 16 Am.Juris, 282, §§ 9, 10.

And if such controversy between parties adversely interested does not appear, it is immaterial what present parties may wish, the integrity of the court and its proceedings require that it refuse to act in the absence of such controversy and parties. In a very recent case it was observed, by our second senior Associate Justice: "No matter what may be the wishes of the parties in the court the courts will not entertain and render decrees, which, for want of necessary parties, cannot adjudicate the questions presented. This rule has been declared by many courts in cases under the Declaratory Judgment Law. Borchard Declaratory Judgments, p. 104 et seq.; note: 87 A.L.R. 1244; State ex rel. Mellott v. Board of Com'rs of Wyandotte County, 128 Kan. 516, 279 P. 1; Perry v. City of Elizabethton, 160 Tenn. 102, 22 S.W.2d 359." See Holland v. Flinn, 239 Ala. 390, 195 So. 265, 267.

The Pennsylvania court held: " 'Actual controversy' [within the provisions of a Declaratory Judgment Act] appears where differences between [the] parties respecting their legal rights have reached [the] stage of antagonistic claims which are being actively pressed on one side and opposed on the other, while 'ripening seeds of controversy' appear where such claims while not having reached this active stage, are nevertheless present and indicative of threatened unavoidable litigation in the immediate future." Sullivan & Sons Manufacturing Co. et al. v. Ideal Building & Loan Association, 313 Pa. 407, 170 A. 263, 98 A.L.R. 1;

State ex rel. La Follette v. Dammann, 220 Wis. 17, 264 N.W. 627, 103 A.L.R. 1089.

The "grave doubt" decision is a border line case. In that case the managing board of a corporation was proceeding to reorganize and federalize under an act of the Legislature, against the objection of some of the stockholders, and the holding of the majority here was "When one party is proceeding under the statute and the other has *property rights* which will be gravely affected by such proceeding, and the parties have a bona fide divergence of opinion as to the constitutionality of the Act, a justiciable controversy is presented." Klein v. Jefferson County Building & Loan Ass'n, 239 Ala. 460, 464, 195 So. 593, 597. (Italics supplied.)

The plaintiffs here have no property rights in the defendants' business, nor are they made prosecutors for enforcing the law. The defendants are not physically interfering with the plaintiffs' business nor in any way obstructing them in its prosecution. If the plaintiffs' business is affected at all it is by open and active competition merely. If the defendants are violating the law it is the function of the duly constituted authorities to bring proceedings according to the course of the common law, or as authorized by statute. Alabama Power Co. v. City of Guntersville et al., 235 Ala. 136, 177 So. 332, 114 A.L.R. 181; Alabama Power Co. v. City of Guntersville, 236 Ala. 503, 183 So. 396, 119 A.L.R. 429; Alabama Power Co. v. Ickes, 302 U.S. 464, 58 S.Ct. 300, 82 L.Ed. 374; Ashwander v. Tennessee Valley Authority et al., 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688.

The Declaratory Judgment Act was not designed as an adjunct to proceedings to enforce the criminal law, nor to regulate open competition in useful and harmless businesses, trades and occupations. A judgment declaring the conduct of the defendants in advertising their products by posters and placards, and offering and giving premiums would be wholly without the purview of the Declaratory Judgment Act.

We are therefore of opinion that a justiciable controversy was not presented and the court was without jurisdiction to declare the statute unconstitutional. The court being without jurisdiction its judgment will not support the appeal, and the appeal will be dismissed by this court ex mero motu. Gunter v. Mason, 125 Ala. 644, 27 So. 843; Upshaw v. Eubank et al., 227 Ala. 653, 151

So. 837; White et al. v. Hewlett, 143 Ala. 374, 42 So. 78.

The nearest approach to a justiciable controversy, as disclosed by the record, arises from the appellants' contention that the trade practice of the defendants in advertising the gifts of glass dishes and silver as premiums in connection with the sale of motor fuels, and giving such premiums with the sale of designated quantities where the purchaser pays the posted price is a violation of the provisions of Section 2 of said Act 607, heretofore quoted and italicized.

The appellants' contention—as we understand it—is that it is within the competence of the Legislature, in applying the police power, in the interest of the general welfare, to prohibit the giving of such premiums and rebates and advertising such gifts or rebates by one in the conduct of his own private business, and on his own premises.

The appellees' contention on the other hand, assuming that their method of advertising violates the italicized provisions of said act, is that such regulation of a harmless and useful private business impinges their constitutional rights, and said act in this respect is unconstitutional and void.

In view of the pleadings and proof we limit our consideration to the stated controversy. State ex rel Knox v. Dillard, supra; American Surety Co. of New York v. King, 237 Ala. 510, 187 So. 458.

The operation of filling stations for the retail sale and delivery into motor vehicles of motor fuels for the generation of power, is not a business affected with "a public interest." Williams v. Standard Oil Co. of Louisiana, 278 U.S. 235, 49 S.Ct. 115, 116, 73 L.Ed. 287, 60 A.L.R. 596; State v. Goldstein, 207 Ala. 569, 93 So. 308; State v. Miller, 126 Conn. 373, 12 A.2d 192.

The stated controversy arises out of the trade practice adopted by the defendants and others in their class, of advertising, by offering and giving premiums, and the history of this species of legislation, as it appears from the many decisions, has for its purpose the suppression of such practices. Such legislation does not relate to the general welfare, but to the welfare of the other class of dealers represented by the plaintiffs. In Citizens' Light, Heat & Power Co. v. Montgomery Light & Water Power Co., C.C., 171 F. 553, 562, it was observed, by the United States Circuit Court

430

for the Middle District of Alabama, Jones, District Judge Presiding: "That competition is the life of trade has passed into a proverb of the law." Of like force is the statement of Hadley that "When competition does not act at all there is complete monopoly." Webster's Int. Dic. 455.

This class of legislation is outside the scope of the police power. Regal Oil Co. v. State, 1939, 123 N.J.L. 456, 10 A.2d 495; Sperry & Hutchinson Co. et al. v. McBride et al., 1940, 307 Mass. 468, 30 N.E.2d 269, 131 A.L.R. 1254; People v. Victor, 1939, 287 Mich. 506, 283 N.W. 666, 124 A.L.R. 316; State v. Miller, supra, 126 Conn. 373, 12 A. 2d 192.

■■ The above cited cases are in accord with our decisions which hold that the liberty which is so sedulously guarded by the Constitution "includes the right to pursue any useful and harmless occupation, and to conduct the business in the citizens' own way, without being discriminated against either by being prohibited from engaging in it or by being burdened with discriminative taxation. If it be allowed that an additional burden may be placed upon a merchant who chooses to advertise his business by offering a small gratuity to customers in the shape of these trading stamps, it would be equally lawful to place an extra burden on one who advertises his business in the papers, or one who offers, out of his own stock, a certain gratuity to every one purchasing goods to a certain amount, or one who erects a handsome sign in front of his store, etc.

"So long as his manner of conducting his business does not offend public morals, and work an injury to the public, it is his constitutional right to pursue, on terms equal to that allowed to others in like business, even though his methods may have a tendency to draw trade to him, to the detriment of competitors. Young v. Commonwealth, 101 Va. 853, 45 S.E. 327; State v. Dalton, 22 R.I. 77, 46 A. 234, 48 L.R.A. 775, 84 Am.St. Rep. 818; People ex rel. Madden v. Dycker, 72 App.Div. 308, 76 N.Y.S. 111; People v. Gillson, 109 N.Y. 389, 17 N.E. 343, 4 Am.St. Rep. 465; Long v. State, 74 Md. 565, 22 A. 4, 12 L.R.A. 425, 28 Am.St.Rep. 268; Ex parte McKenna, 126 Cal. 429, 58 P. 916." City Council of Montgomery v. Kelly, 142 Ala. 552, 38 So. 67, 69, 70 L.R.A. 209, 110 Am.St.Rep. 43.

Said Act 607 does not undertake to regulate or prohibit the method of advertising selected by the plaintiffs' class, nor does it require said class to post the cost of advertising in the prices of its commodities. The defendants' class so long as the stated concept of the Constitution prevails, can not be discriminated against and hampered by legislative fiat in its method of conducting their business.

The doctrine of the Kelly case has been repeatedly followed, not only by this court but by the courts of other states. State v. Goldstein, supra; City of Mobile v. Rouse, 233 Ala. 622, 623, 173 So. 266, 111 A.L.R. 349; People v. Victor, supra, and authorities cited on pages 669, 670 of 283 N.W.

The following cases show a different concept; State v. Woitha, 227 Iowa 1, 287 N.W. 99, 123 A.L.R. 884; State v. Wilson, 101 Kan. 789, 168 P. 679, L.R.A.1918B, 374; Slome v. Godley, 304 Mass. 187, 23 N.E.2d 133; Rast, Tax Collector v. Van Deman & Lewis Co., 240 U.S. 342, 36 S.Ct. 370, 60 L.Ed. 679, L.R.A.1917A, 421, Ann.Cas. 1917B, 455, but they are not in accord with our cases and we decline to follow them.

■ Said Act 607, in the respect indicated, violates the provisions of our Bill of Rights. Const.1901, §§ 1 and 35; City Council of Montgomery v. Kelly, supra; State v. Goldstein, 207 Ala. 569, 93 So. 308; City of Mobile v. Rouse, supra; Barton v. City of Bessemer, 234 Ala. 20, 173 So. 626.

The declaratory judgment entered by the circuit court is corrected so as to limit the declaration of unconstitutionality to Section 2 of said Act 607, which prohibits the advertising of motor fuels by giving premiums or rebates.

■■ All the Justices sitting, concur in the opinion except as to the sufficiency of the judgment to support the appeal and the existence of a justiciable controversy as between the plaintiff Aldridge and the defendant, Spur Distributing Company, who appeared by counsel and filed an answer; GARDNER, Chief Justice, and THOMAS, BOULDIN, FOSTER, and LIVINGSTON, JJ., being of opinion that the pleadings, upon which issue was joined without objection, and the evidence as stated in the opinion, show such controversy within the purview of the Declaratory Judgment Act. And inasmuch as the trial court has proceeded to judgment, declaring the law unconstitutional, this court should dispose of the case on the merits. The basis of such controversy is the right of the plaintiff Aldridge to conduct his business without unlawful competition arising from criminal

violation of the statute. See Glover v. Malloska, 238 Mich. 216, 213 N.W. 107, 52 A.L.R. 77 and note pages 79, 80.

On this point the writer adheres to the views expressed in the opinion.

Corrected and affirmed.

All Justices concur as above indicated; KNIGHT, J., not sitting.