31 So.2d 571

**ALABAMA INDEPENDENT SERVICE STATIONS ASS'N, Inc., v. HUNTER et al.**

**6 Div. 542.**

Supreme Court of Alabama.

July 31, 1947.

404

Wilkinson & Skinner, of Birmingham, for appellant.

C. H. Peay, of Birmingham, for appellees.

LAWSON, Justice.

This is an appeal from a decree of the circuit court of Jefferson County, in equity, denying an injunction. The sworn bill was filed by the appellant, Alabama Independent Service Stations Association, Inc., against appellees, A. M. Hunter and Alabama Motorists Association, a corporation.

It appears from the bill that the complainant is a corporation organized under the laws of this state and is composed of approximately 300 operators of service stations located in Jefferson County. The respondent, A. M. Hunter, a resident of Jefferson County, is, according to the bill, engaged in operating a service station in the city of Birmingham, where he sells or offers for sale at retail, gasoline and lubricating oil for use or consumption in motor vehicles. Respondent Alabama Motorists Association is a corporation organized under the laws of Alabama and is engaged in business in Jefferson County.

The case made by the bill is in substance that the respondent A. M. Hunter has a contract, agreement, arrangement or understanding with the respondent Alabama Motorists Association, whereby he sells to the members of that association gasoline at a price two cents per gallon less than the posted price thereof and lubricating oil at a price five cents a quart less than its posted price; that such conduct is in violation of Sections 425(1) and 425(2) of Title 2, Code of 1940; that the said violations are numerous and constitute unfair competition with the other service stations operating in Jefferson County; that the Alabama Motorists Association is aiding and abetting in the said violations by encouraging its members to purchase gasoline and lubricating oil from the said A. M. Hunter at prices less than posted.

The prayer of the bill is that the respondent A. M. Hunter be forbidden from selling gasoline and oil at any price or prices except the exact price contained on the sign or placard required by Section 425(1) of Title 2 of the Code of 1940. As to the respondent Alabama Motorists Association the bill prays that such corporation, its servants, agents, and employees be enjoined from aiding and abetting the said A. M. Hunter in selling gasoline and oil at prices other than those posted. The bill also prays for general relief.

The cause was submitted for decree on application for temporary injunction on the verified bill of complaint. Such application was denied and the complainant has prosecuted this appeal.

Sections 425(1) and 425(2) of Title 2, Code 1940 (1945 Cumulative Pocket Part), read as follows:

" § 425(1). Unlawful to sell motor fuel or lubricant from pump without posted prices.—It shall be unlawful for any person, firm or corporation to sell or offer for sale at retail, for, use or consumption in any motor vehicle or to deliver into any motor vehicle for actual or apparent use therein, any product whatsoever for use in supplying, creating or generating motive power to such motor vehicle, or lubricating oil for such motor vehicle, unless such person, firm or corporation shall conspicuously and plainly post on the pump or stand from which delivery is made a sign or placard, stating the price or prices of each such product, amount of tax to be stated separately, and so that such prices can be read and easily distinguished by brand or other designation in legible words, letters and figures of uniform size and dimensions, not less than one inch in height, which said sign or placard shall be so located and placed that it may easily be seen and read by purchasers or prospective purchasers of such product or oil.

" § 425(2). Unlawful to sell motor fuel at other than posted price, or to offer discounts, premiums, etc.—It shall be unlawful for any person, firm or corporation to sell or offer for sale at retail, for use or consumption in any motor vehicle, or to deliver into any motor vehicle, for actual or apparent use therein, any product whatsoever for use in supplying, creating or generating motive power to such motor vehicle, or lubricating oil for such motor vehicle, at any price or prices, except the exact price or prices contained on the sign or placard required by this subdivision, or to offer, deliver, grant, allow, give or promise, any actual prospective, contingent, immediate or future benefits, concessions, discounts, refunds, premiums, or gratuities of any kind or nature whatsoever, which in any degree, manner or extent, shall be calculated or intended to effect or accomplish a sale of such product for other than said posted price or prices."

We are in accord with the action of the trial court. The bill of complaint does not charge that respondent Hunter has not posted prices in accordance with the requirements of § 425(1), Title 2, supra, but

on the contrary shows that the prices have been posted. Said § 425(1), Title 2, supra, merely requires that prices be posted in the manner therein provided. It does not purport to make unlawful sale of gasoline or oil at a price lower than that posted.

But § 425(2), Title 2, supra, does purport to make such a sale unlawful and it is that section which the bill charges respondent Hunter with violating and it is conduct which that section attempts to make unlawful that complainant sought to have the court forbid.

Section 425(2), Title 2, supra, is in the exact language of § 2 of Act 607, approved July 2, 1940, General Acts 1939, p. 972.

In the case of Alabama Independent Service Stations Ass'n et al. v. McDowell, Sheriff, et al., 242 Ala. 424, 6 So.2d 502, 507, the circuit court of Jefferson County held that said Act 607, supra, was unconstitutional and invalid in its entirety. On appeal to this court the judgment of the circuit court of Jefferson County was corrected "so as to limit the declaration of unconstitutionality to Section 2 of said Act 607, which prohibits the advertising of motor fuels by giving premiums or rebates." Alabama Independent Service Stations Ass'n v. McDowell, supra.

The complainant in this cause contends that the language just above quoted shows that this court not only did not consider that the entire act was invalid but also was of the opinion that only those portions of Section 2 of the act which made it unlawful to give premiums or rebates was unconstitutional, thereby upholding the provision of Section 2 of the act which made it unlawful to sell gasoline or oil at a price different from that posted.

We cannot agree with this construction of the language quoted above from the opinion in Alabama Independent Service Stations Ass'n v. McDowell, supra. The words, "which prohibits the advertising of motor fuels by giving premiums or rebates," were merely descriptive of the section which this court held to be unconstitutional, namely, Section 2. Such words were not intended to infer that parts of that section were constitutional and other parts unconstitutional. A reference to the judgment

entered by this court is clear to that conclusion (Vol. 93, p. 189, Minutes, Supreme Court of Alabama, October Term, 1941). In pertinent part the judgment reads:

"6 Div. 901
Alabama Independent Service Station, Association, et al., etc.
    vs.
Holt A. McDowell, as Sheriff of Jefferson County, et als.

    Jefferson Circuit Court

Come the parties by attorneys, and the record and matters therein assigned for errors, .being argued and submitted and duly examined and understood by the Court, it is considered and ordered that the judgment of the Circuit Court be corrected and modified as follows:

By making Section 1. of said judgment read as follows:

1. *Section 2 of Act No. 607 approved July 2nd, 1940 [General Acts 1939, pages 972, 973] is unconstitutional, invalid and void.*

By striking from said judgment all of the other succeeding paragraphs thereof except the one which taxed the costs against the petitioners and provided for the execution therefor,

As thus corrected and modified the judgment of the Circuit Court is affirmed." (Emphasis supplied.)

Counsel for complainant here contends that the holding of this court in the case of Alabama Independent Service Stations Ass'n v. McDowell, supra, that § 2 or any part thereof is unconstitutional is laid in error. Reliance is had again on cases from other jurisdictions wherein legislation in many respects identical to § 425(2), Title 2, supra, has been upheld.

That courts of other states had so held was expressly recognized by this court in the case of Alabama Independent Service Stations Ass'n v. McDowell, supra, but we there declined to follow them as not being in accord with the rule of our cases. City Council of Montgomery v. Kelly, 142 Ala. 552, 38 So. 67, 70 L.R.A. 209, 110 Am.St. Rep. 43; State v. Goldstein, 207 Ala. 569, 93 So. 308; City of Mobile v. Rouse, 233 Ala. 622, 173 So. 266, 111 A.L.R. 349.

We are still of the opinion that the case of Alabama Independent Service Stations Ass'n v. McDowell, supra, and cases there cited, state the correct rule applicable to legislation such as is contained in § 425(2), Title 2, supra, which rule is to the effect that such legislation is outside the scope of the police power in that the operation of a filling station for the retail sale and delivery of gasoline and oil is not a business affected with "a public interest" to the extent that the legislature may regulate the price at which gasoline and oil must be sold. We refuse to overrule our own cases to accept the concept of courts of other jurisdictions.

Act No. 596, approved July 9, 1943, General Acts 1943, p. 611, adds nothing to complainant's case. True, it was passed and approved after the decision of this court in the case of Alabama Independent Service Stations Ass'n v. McDowell, supra. But § 2 thereof is in the exact language of § 2 of Act 607 (1939 Act), which was declared unconstitutional in the case last above cited. The fact that the legislature saw fit to pass again an act containing a provision theretofore held unconstitutional does not breathe life into a lifeless form.

Complainant's right to relief being predicated on Section 425(2), Title 2, Code 1940, and that section being unconstitutional, null, and void, as before indicated, we hold that the trial court correctly refused to issue the injunction as prayed for in complainant's bill.

We have preferred to write to the question of the unconstitutionality of said Section 425(2), Title 2, supra, and consequently have not dealt with the question raised as to complainant's right to maintain this suit. In that connection, see the opinion of this court in the case of Alabama Independent Service Stations Ass'n v. McDowell, supra.

The decree of the trial court is affirmed.

Affirmed.

All the Justices concur.