STATE OF TENNESSEE *v.* N. H. WHITE.

*(Nashville,* December Term, 1955.)

Opinion filed March 9, 1956.

KNOX BIGHAM, Assistant Attorney General, for plaintiff in error.

SHEA & PIEROTTI and TUAL & MORGAN, all of Memphis, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

This is an appeal by the State from a judgment quashing an indictment which charged a violation of Section 6770.41, Williams Tennessee Code, Annotated (now codified officially as Section 6770.33 of the Supplement to the Code) and holding said Section unconstitutional.

The indictment in this case charges that the defendant "did unlawfully sell and offer for sale at retail, for use and consumption in a motor vehicle, gasoline, and did offer and promise prospective, contingent and future benefits, and premiums calculated and intended to effect and accomplish the sale of said gasoline for other than posted price of said gasoline, in violation of Section 67701.41 of Williams Tennessee Code, Annotated, of 1934."

The defendant moved to quash on the ground that the statute was unconstitutional in that it was violative of Section 1 of the Fourteenth Amendment to the United States Constitution; Article I, Section 8 of the Constitution of Tennessee; Article I, Section 17 of the Constitution of the State of Tennessee; and Article XI, Section 8 of the Constitution of Tennessee.

The Code Supplemental Section in question is a portion of a statute that originated as Chapter 200 of the Public Acts of 1939. The effect of Code Supplement Section 6770.32 is to require that the price of gasoline and oil be conspicuously and plainly posted at all filling stations. Section 6770.33, upon which this indictment is based, reads as follows:

"It shall be unlawful for any person, firm or corporation to sell or offer for sale at retail, for use or consumption in any motor vehicle, or to deliver into any motor vehicle, for actual apparent use therein, any product whatsoever for use in supplying, creating or generating motive power to such motor vehicle, or lubricating oil for such motor vehicle, at any price or prices, except the exact price or prices contained on the sign or placard required by this chapter, or to offer, deliver, grant, allow, give or promise, any actual, prospective, contingent, immediate or future benefits, concessions, discounts, refunds, premiums or gratuities of any kind or nature whatsoever, which, in any degree, manner or extent, shall, or shall be calculated or intended to affect or accomplish a sale of such product for other than said posted price or prices."

We have no decision on the subject.

The Legislature of Alabama, in the year 1939, enacted a statute referred to as Act 607, which is identical with our statute.

In a case attacking the constitutionality of this Section of the statute the Supreme Court of Alabama said, among other things in declaring said statute unconstitutional:

"The operation of filling stations for the retail sale and delivery into motor vehicles of motor fuels for the generation of power, is not a business affected with 'a public interest.' Williams v. Standard Oil Co. of Louisiana, 278 U. S. 235, 49 S. Ct. 115, 116, 73 L. Ed. 287, 60 A. L. R. 596; State v. Goldstein, 207 Ala. 569, 93 So. 308; State v. Miller, 126 Conn. 373, 12 A. 2d 192.

"The stated controversy arises out of the trade

practice adopted by the defendants and others in their class, of advertising, by offering and giving premiums, and the history of this species of legislation, as it appears from the many decisions, has for its purpose the suppression of such practices. Such legislation does not relate to the general welfare, but to the welfare of the other class of dealers represented by the plaintiffs. In Citizens' Light, Heat & Power Co. v. Montgomery Light & Water Power Co., 171 F. 553, 562, it was observed, by the United States Circuit Court for the Middle District of Alabama, Jones, District Judge Presiding: 'That competition is the life of trade has passed into a proverb of the law.' Of like force is the statement of Hadley that 'When competition does not act at all there is complete monopoly.' Webster's Int. Dic. 455.

"This class of legislation is outside the scope of the police power. Regal Oil Co. v. State, 1939, 123 N. J. L. 456, 10 A. 2d 495; Sperry & Hutchinson Co. v. McBride, 1940, 307 Mass. 408, 30 N. E. 2d 269, 131 A. L. R. 1254; People v. Victor, 1939, 287 Mich. 506, 283 N. W. 666, 124 A. L. R. 316; State v. Miller, supra, 126 Conn. 373, 12 A. 2d 192." Alabama Independent Service Station Ass'n v. McDowell, 242 Ala. 424, 6 So. (2d) 502, 506, 507.

See also *Alabama Service Stations Ass'n v. Hunter,* 249 Ala. 403, 31 So. (2d) 571; *Sperry & Hutchinson Co. v. McBride,* 307 Mass. 408, 30 N. E. (2d) 269, 131 A. L. R. 1254; *Sperry & Hutchinson Co. v. Margetts,* 25 N. J. Super. 568, 96 A. (2d) 706.

The State cites the case of *Slome v. Godley,* 304 Mass. 187, 23 N. E. (2d) 133, which upheld a statute requiring gasoline pumps to be marked with the price of motor fuel dispensed, regulated the size of the signs and forbade

the use of other price signs about the premises. This statute was attacked on the grounds that it violated the due process and equal protection clauses of the Constitution.

The Massachusetts court upheld the constitutionality of the statute on the ground that it was within the police power to prevent a deception of the public. To the same effect is *People* v. *Arlen Service Stations,* 284 N. Y. 340, 31 N. E. (2d) 184. See also *State* v. *Woitha,* 227 Iowa 1, 287 N. W. 99, 123 A. L. R. 884; *Adams* v. *Miami Beach Hotel Association,* Fla., 77 So. (2d) 465.

It is the position of the State in the present case that the Act in question is a legitimate exercise of the police power for the purpose of preventing frauds upon the public, and preventing deception in the sale of gasoline.

■ It will be noted that in the cases cited by the State the statutes have been upheld in so far as the gasoline dealers are required to post the price of gasoline, but we think when the statute goes further and prohibits as a trade stimulant the giving of a premium or gratuity, that in such case the statute is unconstitutional.

■ We think such latter provision is outside of the scope of the police power and does not relate to the general welfare. So long as the operator's business does not offend the public morals and work an injustice on the public, his constitutional right to pursue it on equal terms to that allowed to others in like business is beyond question, even though his methods may have a tendency to draw trade to him to the detriment of competitors.

To uphold the statute in question would be to allow a governmental agency of the State to exercise control over all private enterprises. The Circuit Judge declared the Act in question unconstitutional and we find no error in his judgment. Affirmed.