147 So.2d 797

**BULOVA WATCH CO.**

v.

**ZALE JEWELRY CO., of Montgomery et al.**

3 Div. 17.

Supreme Court of Alabama.

Dec. 20, 1962.

Hill, Robison & Belser, Montgomery, for appellant.

Hill, Hill, Stovall & Carter and Wm. A. Oldacre, Montgomery, for appellees.

SIMPSON, Justice.

Appeal from a final decree of the Montgomery County Circuit Court, in Equity, sustaining demurrer to the bill of complaint as filed by Bulova Watch Co. and dismissing the bill. The demurrer filed by Zale Jewelry Co. assailed the constitutionality of the Alabama Fair Trade Regulations. (Tit. 57, § 77 et seq., Code of Ala. 1940.)

Appellant sought by the bill an injunction to restrain the sale and offering for sale of Bulova watches by appellee, alleging a violation of the Fair Trade Regulations. Appellee in attacking the constitutionality of the regulations by demurrer urges a contravention of §§ 1 and 35 of the Alabama Constitution of 1901 in that the subject of the legislation is not within the state's police power. Appellee further insists that the regulations authorize an unlawful delegation of legislative power to private interests; and also that the legislature cannot. consistently with the State Constitution prohibit competitive price cutting in a business not affected with a public interest, merely in the interest of fairness in competition.

The lower court in dismissing the bill of complaint held the selling of watches and related items is not a business affected with a public interest; that the Fair Trade Regulations, especially the "non-signer" provision (Tit. 57, § 82, supra) is a class of legislation outside the scope of the police power and violates §§ 1 and 35 of the 1901 Constitution of Alabama and is therefore invalid; finally that the regulations purport to authorize an unlawful delegation of legislative power to purely private interests, who could by selfish actions make certain business activities unlawful, which were formerly lawful.

Appellant urges the business of selling watches and related items is affected with the "public interest" because a large wholesale corporation is allowed to compete through a retail outlet with strictly retail stores, creating unfair competition. Appellant argues that Fair Trade legislation is within the scope of the state's police power because the small independent merchant is entitled to protection against wholesale-retail operations.

Our cases make clear the rule that before the legislature may regulate competitive prices or prohibit bona fide price cutting merely in the interest of fairness in competition, the business regulated must be affected with a public interest, otherwise such legislation would be violative of §§ 1 and 35 of the 1901 Constitution of Alabama. City Council of Montgomery v. Kelly, 142 Ala. 552, 38 So. 67, 70 L.R.A. 209; City of Mobile v. Rouse, 233 Ala. 622, 173 So. 266, 111 A.L.R. 349; Lisenba v. Griffin, 242 Ala. 679, 8 So.2d 175; Alabama Independent Service Station Assn. v. Hunter, 249 Ala. 403, 31 So.2d 571; Alabama-Independent Service Station Assn. v. McDowell, 242 Ala. 424, 6 So.2d 502. The doctrine was most aptly stated in the Kelly case, supra.

and is the governing rule in this jurisdiction today:

"So long as his manner of conducting his business does not offend public morals, and work an injury to the public, it is his constitutional right to pursue, on terms equal to that allowed to others in like business, even though his methods may have a tendency to draw trade to him, to the detriment of competitors."

It will therefore be decisive of the case at bar to determine whether the business of selling watches and related items is one affected with the *public interest*.

Even where the legislature has declared a business to be affected with the public interest, this does not pretermit an examination of the validity of the regulation. The matter is always open to judicial inquiry. Lisenba v. Griffin, supra. But here the legislature has made no such declaration. We are therefore left free to examine the cases and ascertain what businesses are affected with "public interest".

The business of barbering is not affected with a public interest (City of Mobile v. Rouse, supra; Lisenba v. Griffin, supra); nor is the business of operating a gasoline filling station (Alabama Independent Service Station Assn. v. Hunter, supra; Alabama Independent Service Station Assn. v. McDowell, supra). However, the milk industry is affected with a "public interest" (Franklin v. State, ex rel. Ala. State Milk Control Board, 232 Ala. 637, 169 So. 295); and everyone is aware that all public utilities are subject to state regulation. From these cases we draw an analogy.

Certainly the gasoline retail business comes nearer to being affected with the public interest than the sale of watches, yet the gasoline business is expressly held not to be affected with a public interest. There would be more adequate reason for the regulation of the price of a hair-cut or a shave than the price of a watch, because in our society gasoline, hair-cuts and shaves tend to be more purchased and of necessity than a watch, which is generally a "once in a lifetime commodity". So considered it must follow that the sale of jewelry, watches, and related items is not so affected with the public interest as to allow a curtailing of free competition and the right to contract by price setting among retailers by the manufacturer.

It has been held that for an occupation or business to be affected with the "public interest" the community at large must have some pecuniary or legal interest in the manner in which the business or occupation is conducted; or the person so engaged therein must have a virtual monopoly or an oligopoly in the business; or the business or occupation must have been conducted in such a manner as to cause the public to adapt their affairs to the methods utilized. (See Vol. 5, Words & Phrases, "Business Affected with Public Interest", p. 1018).

Moreover, we find support in numerous decisions in other jurisdictions declaring state Fair Trade laws unconstitutional. (See 60 A.L.R.2d 423). Some twenty-two states have had Fair Trade Regulations invalidated by the highest courts of those states. It is interesting to note that all twenty-two have been invalidated and only five upheld since 1951. This indicates that the modern trend is toward the unconstitutionality of such statutes. The numerical weight of authority is now clearly against the constitutionality of this character of legislation. We believe these decisions are supported by the more sound reasoning and logic. These cases also seem to indicate that the economic need for Fair Trade laws is becoming unnecessary.

This opinion is not concerned with the power of the legislature over a monopolistic business to one affected with a "public interest". Upon this we express no opinion as that question is not before the Court.

To recapitulate, we hold that the Fair Trade Regulations, especially the "non-signer" provision (Tit. 57, § 82, supra) are unconstitutional, being in violation of §§ 1.

and 35 of the 1901 Constitution of Alabama, because the business sought to be controlled is not one wherein the "public interest" is affected, and therefore the legislation is outside the scope of the state's police power.

It is unnecessary to pass on the other constitutional objections raised as the defect aforementioned is fatal to the legislation, as applied to the case at bar.

We are at the conclusion that the ruling below was correct.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.