## MONTGOMERY AND W. P. R. R. Co. v. WALTON.

1. When a chartered company, authorized to condemn land for the purpose of a rail road, has pursued the course prescribed by the statute to obtain the right of way, the right of the company is perfect to the road, though the proprietor of the land obstinately refuses to accept the money awarded by the jury.

2. The company having the right to proceed, and construct, and use the road, threats of personal violence to the agents of the company, if they attempt the construction of the road, will not give chancery jurisdiction to interfere by injunction, to restrain the former proprietor of the land, from obstructing by violence, the construction and use of the road.

Error to the Court of Chancery for Macon. Hon. D. G. Ligon, Chancellor.

Bill filed by the plaintiffs in error, for an injunction. The bill charges, that the company had performed all the acts made necessary by their charter, to procure the right of way over a strip of land belonging to the defendant, and that they have been prevented from going on with their work, by the threats of the defendant, that he would kill, or injure their agents, if they attempted to work on the land set apart for the use of the road. The injunction was granted by a circuit judge. The chancellor dismissed the bill, considering that a court of law could afford ample protection.

R. DOUGHERTY, for plaintiff in error, conceded, that the injunction should not have been granted, but insisted that the bill should have been retained, to secure the company in their right and perfect their title.

MCLESTER, contra.

DARGAN, J.—The allegations of the bill show that the complainants have obtained the right of way over the land of the defendant, and have pursued the course prescribed by the statute, to obtain title to the strip of land on which the road runs; and although the defendant obstinately refuses to accept the sum of money awarded by the jury, yet as the complainants have deposited it in the office of the county court of Macon, in which the lands are situated, the right of the company is as perfect to the road, as if he had accepted the money.

The company, then, have the right to go on and construct, and use the road, and the allegations in the bill, that the defendant threatens to obstruct them in the use and construction of the road, and threatens personal violence to the agents of the company, if they attempt to erect the road, cannot give this court jurisdiction.

The rule is too well established to admit of controversy, that equity cannot interpose by way of injunction, to restrain the commission of a personal trespass, although *it may be*

*threatened.* See 3 Daniel's Ch. Pr. 1834. Nor can an injunction be granted to restrain the publication of a libel. See 8 Paige's Rep. 24. Nor can a case be found, where the chancellor has interposed by injunction, to restrain the commission of a crime, threatened by one to be perpetrated on another. The courts of law have complete jurisdiction to punish the commission of crimes, and can interpose to prevent their commission by imprisoning the offender, or binding him to keep the peace. But equity has no jurisdiction over such matters, at least a court of equity cannot entertain a bill on this ground alone. If the bill had shown any doubt in the title of the company, arising from the wrongful act of the defendant, after the company had done all they could do under the statute to give them the right of way, perhaps the bill might have been sustained to remove the doubt, or perfect their title. But under the allegations of the bill, the title of the complainants is perfect, and the only ground of equity being to restrain the defendant from doing personal violence to the agents of the company, in constructing and using the road, and obstructing illegally the company in the prosecution of their work, the chancellor properly dismissed the bill, and his decree is affirmed.

CHILTON, J., not sitting.