# **Wharton, Admr. *v.* Hannon.**

*Bill in Equity to enjoin the Obstruction of an Alley-way.*

1. *Bill in equity to enjoin obstruction of an alley-way; when not maintainable; case at bar.*— On a bill filed to enjoin the obstruction of an alley-way, it appeared that in a deed conveying to complainant the alley-way, it was not described by metes and bounds, but as an alley giving an out-let to the street from the property which defendant had granted to complainant. Complainant had used the obstructed alley-way, and, with another witness, testified that it was the one intended to be conveyed and was located by the defendant. Defendant and other witnesses testified that it was the intention of the parties, at the time of the sale, that the complainant should use such alley-way until the defendant purchased other property, and then another out-let would be given to the street. The defendant purchased the other property and opened up another alley-way which was shown to have been better and more accessible. Other of defendant's grantees of property, situated like that of complainant, in whose deeds the alley-way was described in the same manner, corroborated the defendant's witnesses, and testified that they preferred the alley-way which was recently opened up. *Held:* That in the absence of the averment that the grantor, who was the defendant,

was insolvent, and of facts showing that complainant could not obtain ample redress in an action at law, and in view of the fact that another and better way was tendered the complainant, the granting of the injunction prayed for was discretionary with the court, and that the complainant was not entitled to maintain the suit, and, therefore, his bill should be dismissed.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. THOS. M. ARRINGTON.

The bill in this case was filed by the appellee, T. W. Hannon, against W. G. Wharton, on March 2, 1892, for the purpose of having the respondent enjoined from obstructing an alley-way.

The bill, as amended, after the decision in this court on the former appeal, averred the following state of facts: The complainant was the owner of an alley-way and right to an uninterrupted ingress and egress thereupon in the rear of lot No. 2, in square No. 8, and an alley-way 12 feet wide through lot No. 1 in square No. 8, East Alabama plat, in the city of Montgomery. This alley-way was purchased by the firm of Hannon & Co., composed of complainant and A. T. Hannon, from the defendant, W. G. Wharton, on May 16, 1882, and the complainant subsequently purchased the interest of A. T. Hannon. In the deed from W. G. Wharton and wife to Hannon & Co., the alley-way was described as follows: "The privilege and right of way to pass over and use with their horses, mules, wagons, teams, drays, trucks, carriages, employès or persons, for all mercantile or business purposes, a lane or alley-way of at least eighteen feet wide, on and through the rear part of lot No. 2, in square No. 8, East Alabama plat, and a lane or alley-way of at least twelve feet wide over or through lot No. 1, in square No. 8, East Alabama plat; and for all time to come said right of way, over and through said lot, is hereby conveyed, for the purpose of giving the owners, occupants or tenants of building or store No. 57 Commerce street, an approach and outlet free and open at all times from the rear of said premises to the street."

The complainant was a wholesale dealer in groceries, and the owner of the store in which he carried on his business, which was in what is known as the "Wholesale Block," situated on Commerce street, Montgomery,

adjoining lot No. 1 in square No. 8 of East Alabama plat. It was necessary for the conduct of the complainant's business that he should have an alley-way leading from the rear of his store to the street. After the execution of the deed conveying this alley-way, said alley-way was located leading from the rear of the store on to Commerce street. This alley-way, as thus located, was specifically described in the amended bill. Subsequently, and just before the filing of the bill, the defendant made excavations along said alley-way, as thus located, and otherwise obstructed it, to the damage of the complainant.

The prayer of the bill was that Wharton be perpetually enjoined from trespassing upon, obstructing and stopping up said alley-way.

In his answer to the bill, the defendant Wharton admitted the execution of the deed referred to in the bill, and that he therein conveyed an alley-way 12 feet wide on through lot No. 1 in square No. 8, East Alabama plat; and then averred the following facts: At the time of the execution of this deed, the defendant was the owner of lot No. 2 in square No. 8, and of 56 feet on the southern part of lot No. 1, in said square; each of said lots being 100 feet in width. Lot No. 1 was situated on the south-west corner of Commerce and Tallapoosa street, in the city of Montgomery. At the time of the execution of the deed to Hannon & Co., the defendant conveyed to other persons owning lots in the Wholesale Block the same right of way that was conveyed to Hannon & Co., the alley-way being described in each of said deeds in the same manner as was described in the deed to Hannon & Co. The purchase of this alley-way was conducted by one P. J. Anderson, who was the owner of one of the stores in said wholesale block, for himself, Hannon & Co., and the others who purchased the alley-way. Before conveying the right of way through lot No. 1, the defendant stated to the persons purchasing the same, including Hannon & Co., that he contemplated purchasing the remainder of lot No. 1, and in the event he did so, he intended giving each of the purchasers of said alley-way a right of way 12 feet wide in and through the rear part of lot No. 1 to Tallapoosa street, and it was in contemplation of this intention to purchase, that there was no street named as

the outlet to the alley-way described in the deed, and it was distinctly understood between the parties purchasing the right of way, including the complainant, that the right of way to Commerce street as described in the bill should be continued only so long as the defendant should not be the owner of the north 44 feet of lot No. 1. Shortly prior to the filing of the bill, the defendant became the owner by purchase of the whole of lot No. 1, and opened up the alley-way across the rear of said lot to Tallapoosa street, in accordance with the understanding and agreement between him and the complainant, and the other persons to whom he granted said right of way, at the time the deed mentioned in the bill was executed.

The owners of the other property to whom was granted the same right of way as was conveyed to the complainant, are not only willing but anxious that the same should run across lot No. 1 to Tallapoosa street, because, as averred in the answer, it is better suited for the purposes for which the alley was intended; the alley-way to Tallapoosa street being level and straight from the rear of the stores owned by complainant and others, while the alley-way to Commerce street is up a considerable grade, and it would be necessary for drays and vehicles to turn around a curve of the building which was built adjoining said alley-way. It was further averred in the answer to the bill, that there was no particular 12 feet on and through lot No. 1 designated by the defendant or used as an alley-way; that said lot was for a long time vacant, and the parties entering the gate from Commerce street, drove their drays and other vehicles, at their pleasure, over any part of the lot No. 1.

The complainant testified to the facts as alleged in his bill, and denied in his testimony that P. J. Anderson had any authority from him, or from the firm of Hannon & Co., to make any agreement with Wharton, whereby Hannon & Co., or complainant, were to take any alley way other than the one which he testified had been located through the south half of lot No. 1; and both the complainant and A. T. Hannon, who was the only other witness examined in behalf of complainant, testified to the location of the alley way leading to Commerce Street.

There were many witnesses for the defendant, includ-

ing the owners of the property in the Wholesale Block, and who were granted an alley-way by defendant similar to that of the complainant; and each of these witnesses testified to facts sustaining the averments of the defendant's answer.

On the final submission of the cause, on the pleadings and proof, the judge of the city court, as chancellor, rendered a decree granting the relief prayed for, and ordering that the temporary injunction theretofore granted be made perpetual. Pending said suit, the death of W. G. Wharton was suggested, and the cause was revived in the name of S. D. Wharton, as administrator of the estate of W. G. Wharton, deceased, and in the name of his heirs.

From the final decree granting the complainant the relief prayed for, the respondents appeal, and assigns as error the rendition of said decree.

TOMPKINS & TROY, for appellant.—The specific performance of a contract is not a matter of right but of sound discretion in the court, and is never decreed unless strictly equitable.—1 Brick. Dig., 692, §§ 758, 760; *McBryde v. Sayre*, 86 Ala. 458.

It is shown by the evidence that the intention of and agreement between the parties was that while the right of way was, so long as appellant owned only a part of lot one, to be to Commerce street, he was to have the privilege of changing it to Tallapoosa street should he acquire the balance of the lot. If the deed does not express this intention and agreement, it is clear its failure to do so resulted from the mistake of the scrivener. Courts of Equity will always correct such a mistake. *Trapp v. Moore*, 21 Ala. 693; *Godwin v. Yonge*, 22 Ala. 553; 1 Brickell's Digest, 681, § 606. This being the case, such a mistake is a complete defense to a bill to enforce the specific performance of the contract.—*James v. State Bank*, 17 Ala. 69; *Sims v. McEwen's Admr.*, 27 Ala. 184; 3 Brickell's Digest, 361, § 420. Again, the owner of such a right as appellee is endeavoring to assert is not entitled, as a matter of right, to an injunction restraining the grantor from obstructing it. He is not entitled to an injunction, but will be left to his remedy at law unless he shows that the obstructions sought to be enjoined will produce irreparable injury.—1 High on In-

[Wharton, Admr. v. Hannon.]

junctions, §§ 848, 886; 3 Pom. Eq. Juris., § 1338; *Roman v. Strauss,* 10 Md. 89; *Chambers v. Ala. Iron Co.,* 67 Ala. 353. Courts consider the convenience and inconvenience to the parties and to the public; and where, by granting an injunction great injury will result to one of the parties, or inconvenience will result to the public, while, by its refusal, little, if any, damage will be done to the party seeking the injunction, it will be refused. *McBryde v. Sayre,* 86 Ala. 458; *Western R. Co. v. Ala. G. T. R. R. Co.,* 96 Ala. 272; *Zabriskie v. R. R. Co.,* 13 N. J. Eq. 314.

CHAS. WILKINSON and JOHN G. WINTER, *contra.* The person who grants an easement must first have the ownership of the land, for the land can only be subjected to the servitude by the action of its owner.—*Hoole v. Attorney-General,* 22 Ala. 190; *Lide v. Hadley,* 36 Ala. 627; *Baugan v. Mann,* 59 Ill. 492; *Bushnell v. Scott,* 21 Wis. 451.

2. The complainant was entitled to the injunction prayed for, The rule is as follows: That where the injury is a constantly recurring grievance as in this case, interference of the court is necessary to prevent an irreparable injury and multiplicity of suits. Where the injury is permanent, continuous and constantly recurring there may be a remedy at law, but its inadequacy is obvious. The court of law can not restore party complaining to the condition in which he was before the wrong was done, and in which he has the legal right to remain unmolested.—High on Injunctions, § 501 *et seq.*; *Nininger v. Norwood,* 72 Ala. 281; *Boulo v. N. O., &c., R. R. Co.,* 55 Ala. 480; *Clay v. Powell,* 85 Ala. 539; *Wharton v. Hannon,* 101 Ala. 555.

HARALSON, J.—This cause is before us on an application for a rehearing. After further and careful consideration, we feel constrained to grant the application. We refer to and adopt the dissenting opinion of STONE, C. J., delivered in the cause, when it was here on a former appeal (101 Ala. 558), as containing the views we now adopt, and the conclusion reached, in final determination of the cause.

We do not decide any of the other questions raised in the record, but rest our decision alone on the one, on

[Manley v. Sperry.]

which the late Chief Justice based his opinion. It results that the decree of the court below is reversed, and one will be here rendered dismissing the bill.

Reversed and rendered.