180 So. 550

**CITY OF DECATUR et al. v, MEADORS et al.**

**et al.**

**8 Div. 887.**

Supreme Court of Alabama.

April 14, 1938.

Julian Harris and Peach & Caddell, all of Decatur, for appellants.

S. A. Lynne and Ben L. Britnell, both of Decatur, for appellees.

BROWN, Justice.

The bill is filed by appellees as a partner-ship doing business as City Cab Company against the City of Decatur, the mayor and aldermen, the chief of police, and the city clerk, the original bill seeking an injunction restraining and enjoining the defendants "from prohibiting complainants, their agents, servants, or employees, from operat-ing in the City of Decatur, Alabama, and in the police jurisdiction thereof, taxicabs or cars, for hire, the property of City Cab Company, *without a license*," and restrain-ing "said respondents from arresting or causing to be arrested said complainants, their agents, servants or employees, oper-ating their cabs in the corporate limits of the City of Decatur, Alabama, or the police juridiction thereof, for hire, *without a license*." (Italics supplied.)

The bill was amended by adding to the prayer "that the defendants be restrained and enjoined from withholding from them their property rights and privileges and be required by a decree of this Court, to execute and perform the ministerial act of granting a permit to these complainants to operate cabs over and along the streets of the City of Decatur."

As a basis for this relief the bill, to state its averments in substance, avers that said municipality passed an ordinance on Jan-uary 24, 1938, providing for licensing of cab and taxicabs in the City of Decatur, up-on certain conditions—among others that: "No license shall be issued for the operation for hire of any cab, automobile, bus or mo-tor vehicle using the streets of the City of Decatur without a permit being granted by the City Council of the City of Decatur for the use of the streets of the City by such person, firm, or corporation for a taxicab business."

That the complainant, organized in the latter part of January, 1938, has complied with all the conditions of said ordinance except that it has not obtained said permit or privilege, and "the only reason or ex-cuse offered them by the City of Decatur, Alabama, and its officials for not granting said complainants permit to operate their cabs in the City of Decatur, Alabama, was that it had issued licenses and granted a permit to the Decatur Cab Service, and, that under the present circumstances the City of Decatur felt that said Decatur Cab Service had sufficient facilities to handle the business in the City of Decatur, Alaba-ma."

That there is no provision in the ordinance limiting the number of cabs or taxicabs to be operated. That the said partnership has in good faith expended large sums of money to procure liability insurance to comply with the terms of the ordinance. That it owns property which the individuals constituting the partnership have been using for the conduct of a taxicab business without a permit or license, and that it has a right to use of the streets without the interruption or interference of the City of Decatur or its officials.

That said City Cab Company has applied to the city clerk for the issuance of a license, made proof of the ownership of its cabs, and has tendered the amount of the license tax and fee, but such license has been refused because it could not tender to said clerk a permit from the city council as required by said ordinance.

On the filing of the bill, application was made to Judge Griffith, for an interlocutory injunction, and the matter was set down for hearing on notice, as authorized by section 8304 of the Code 1923. The hearing was on the bill, verified by affidavit, sworn answer, and proof.

On January 12, 1938, the judge granted a fiat or order directing the register, upon the complainants' entering into bond in the sum of $500, conditioned and payable as required by law, with approved surety, to issue an injunction, "requiring the City Council of the City of Decatur, Alabama, to execute and perform the ministerial act of granting a permit to the above bound complainants in said cause to operate taxi cabs over and along the streets of the City of Decatur, Alabama, and that, upon procuring said permit, and upon compliance with the other requirements of Ordinance No. 300, adopted by the City Council of the City of Decatur, Alabama, on January 24, 1938, a license be issued to the said complainants to operate their motor taxi cabs for hire in the City of Decatur, Alabama, for the transportation of passengers and their property."

The injunction was issued and served on the defendants on the 14th day of February, 1938, and on the same day the defendants appealed, executing a supersedeas bond in accordance with the provision of section 6134 of the Code 1923.

Motion is here made to dismiss the appeal, on the ground that subsequent to the granting and issuance of the injunction, and after the appeal, appellants refused to issue the permit, and are therefore in contempt.

An appeal from an order or fiat of a judge of the circuit court, granted after the matter of the application therefor has been set down for hearing as authorized by section 8304 of the Code 1923, is not authorized by chapter 257 of the Code, section 6078 et seq., providing generally for appeals from final and interlocutory decrees and judgments, but only by section 8307, included in chapter 304, regulating the issuance of injunctions. Morris v. Sartain et al., 224 Ala. 318, 140 So. 373.

This section provides: "From the order granting or refusing the writ of injunction, an appeal will lie to the supreme court within ten days, to be heard as preferred cases in that court, on the first Thursday the court is in session after the expiration of the ten days, or as soon thereafter as may be."

The statute makes no provision for the supersedeas of the fiat or order, of the judge pending the appeal, and in such circumstances, in this jurisdiction, it is settled that the appeal supersedes the order or judgment appealed from, and maintains the status quo, where that status is a condition of rest, and not action. Ex parte Cudd, 195 Ala. 80, more fully reported in 70 So. 721; Garrison v. First National Bank of Birmingham, 233 Ala. 687, 173 So. 88.

The appellants are, therefore, not in contempt and the motion to dismiss the appeal is overruled.

It is familiar law that mandatory injunctions are rarely granted on interlocutory applications, and to justify the granting of the writ on preliminary hearing "the right of complainant must be clear and unmistakable on the law and the facts; and there must exist an urgent and paramount necessity for the issuing of the writ in order to prevent extreme or other serious damage which would ensue from withholding it." 32 C.J. pp. 24-26, § 7; 14 R.C.L. 317, § 16; Pennsylvania R. Co. v. Kelley, 77 N.J.Eq. 129, 75 A. 758, 140 Am. St.Rep. 541.

"If the issuance on preliminary application of an injunction mandatory in nature will have the effect of granting to the complainant all the relief that he could obtain upon a final hearing, the application should be refused except in very rare cases, and then only where complainant's right to the relief is clear and certain." 32 C.J. 26, § 7.

The bill in this case and the fiat of the judge issued therein proceeds on the theory, not that said Ordinance No. 300 grants to all who comply with its terms a franchise or right to use the streets of the City of Decatur in the operation of taxicabs for transportation of passengers and their property, but that the complainant partnership has incurred large expense in complying with the terms of said ordinance in all respects except that it has not been able to obtain from the city council of the City of Decatur such permit or franchise, as a predicate for the issuance to it by the city clerk of a license to engage in business; that the refusal of the municipality, through its governing body, is arbitrary, unfounded in right or law, deprives the complainants of its property rights, and inflicts upon it and its members irreparable damage.

It is well settled that no one has a natural or inherent right to operate motor vehicles, as a common carrier of passengers, on the streets of the municipalities of this state. Cloe, Com'r of Public Safety, v. State ex rel. Hale, 209 Ala. 544, 96 So. 704.

Section 220 of the Constitution vests in cities and towns an irrevisable discretion to refuse or grant to such carriers the right to use their streets and ways in the conduct of such business, not controllable by injunction. City of Mobile v. Farrell et al., 229 Ala. 582, 586, 158 So. 539; Birmingham Interurban Taxicab Service Corporation v. McLendon, 210 Ala. 525, 98 So. 578; McLendon v. Boyles Transit Co., 210 Ala. 529, 98 So. 581.

The only limitation on such discretion is imposed by sections 22 and 228 of the Constitution, limiting the power to grant franchises, not exclusive or perpetual. The limitations embodied in said sections are not for the protection of individuals, but for the protection of the municipalities and the public generally.

The bill is without equity and therefore insufficient to authorize injunctive relief.

The inconvenience and expense suffered and incurred by the complainants' partnership was at its own risk with the knowledge that a permit or franchise for the use of the streets was essential to the right to a license.

The order and fiat granting the injunction is reversed and the application for injunction is denied. The cause is remanded to the circuit court for further proceedings consistent with the principles above stated.

Motion to dismiss the appeal is overruled.

The cause is reversed, rendered, and remanded.

ANDERSON, C. J., and FOSTER and KNIGHT, JJ., concur.