10 So.2d 157

**GREEN et al., City Com'rs, v. MESSER.**

**6 Div. 37.**

Supreme Court of Alabama.

Oct. 8, 1942.

Rehearing Denied Nov. 5, 1942.

James H. Willis, of Birmingham, for appellants.

Hugh A. Locke, of Birmingham, for appellee.

BROWN, Justice.

This appeal is from an order entered by the circuit court sitting in equity, granting a temporary mandatory injunction, in legal effect, compelling defendants to allow the complainant the use of the municipal airport of the City of Birmingham, Alabama, and its facilities in the same manner and to the same extent as other persons holding like or similar aeronautical licenses or privileges.

The bill is filed by Glenn E. Messer, who alleges that he is "a duly licensed private pilot" experienced in handling and operating airplanes. That "At the present time complainant is employed as a pilot by Woltz Aerial Surveys, Inc., and is flying a plane belonging to said corporation. The said Corporation is under contract to the Agricultural Department of the United States of America to take pictures of the United States. The complainant is em-

ployed by said Corporation in the taking of pictures of North and Central Alabama, and a portion of Georgia. * * *."

"The plane being used by complainant is a very large expensive one, as it is necessary, in addition to the pilot, to carry several photographers with their equipment. The equipment necessary in such plane for this type of flying is extremely expensive and very delicate and must not be exposed to the weather. If such plane is exposed to the weather, serious injury would result to the delicate photographic machinery, as well as to the plane, and the doing of the work seriously handicapped, if not prevented, and an irreparable injury thus caused to complainant, to complainant's employer, and to the United States Defense Program.

"The City of Birmingham and City Commission has adopted certain resolutions prohibiting the complainant, Glenn E. Messer from using the Municipal Airport in Birmingham, and requiring the respondent, Steadham Acker, as Airport Manager, to exclude him from the airport premises. Such resolutions are attached hereto marked Exhibits 'A', 'B', 'C', and 'D', and made a part hereof as if set out herein. Such resolution marked Exhibit 'B' was based on an alleged indebtedness of this complainant to the City of Birmingham. Complainant alleges that such indebtedness has long since been paid, but said resolution has never been annulled. With reference to said resolutions marked Exhibits 'A' and 'C', complainant alleges that said resolutions were prompted by bitter controversy between respondent, Steadham Acker, and complainant, and complainant denies that there was ever any justification in such findings, but alleges if there ever were any justification in such findings, such justification does not exist at the present time, as he is in every way qualified, having been duly licensed, and being recognized as a duly qualified flier."

The bill alleges that the alleged resolutions passed by the City Commission of the City of Birmingham, singling out and denying to the complainant the use of "the municipal airport in Birmingham", are unreasonable, are unconstitutional and void.

The bill is filed against W. Cooper Green, Eugene Conner, James W. Morgan and Steadham Acker. The first three, the bill alleges, "are each Commissioners, and together constitute the City Commission of the City of Birmingham." And, as alleged in paragraph 5 of the bill quoted above, Steadham Acker acted as airport manager.

The bill in the prayer seeks to compel defendants to allow complainant to bring the plane described in the bill of complaint into said municipal airport and require the said airport manager and the city commission to give airport service of all kinds necessary for the housing, servicing and protecting of such plane and permitting the use of said airport by complainant for the purposes hereinabove stated, pending a final hearing as above stated. Prays that the ordinances attached to the bill be declared void and that on final hearing the temporary injunction be made final.

There is an absence of averment in the bill as to whom the municipal airport belongs or to what use it is devoted. The parties proceeded on the assumption, in arguing the case, that the City of Birmingham is the owner and in possession of the municipal airport through its custodian.

The evidence shows that at the time of the granting of the injunction, the hangar was filled to its capacity by other aeroplanes using the same and that there are a number of airports just as convenient for the use of the complainant Messer as the airport in Birmingham.

It further appears from the testimony that the purpose of the complaint is to make the municipal airport of Birmingham headquarters and to operate said plane out of said airport and return thereto in photographing the northern part of Alabama.

The evidence further shows that the "bitter controversy" alleged in the bill arising between the complainant and the airport manager was in a large measure caused by the wrongful conduct of the complainant.

■■ "It is familiar law that mandatory injunctions are rarely granted on interlocutory applications, and to justify the granting of the writ on preliminary hearing 'the right of complainant must be clear and unmistakable on the law and the facts; and there may exist an urgent and paramount necessity for the issuing of the writ in order to prevent extreme or other serious damage which would ensue from withholding it.' 32 C.J. pp. 24-26, § 7; 14 R.C.L. 317, § 16; Pennsylvania R. Co. v. Kelley, 77 N.J.Eq. 129, 75 A. 758, 140 Am. St.Rep. 541.

" 'If the issuance on preliminary application of an injunction mandatory in nature will have the effect of granting to the complainant all the relief that he could obtain upon a final hearing, the application should be refused except in very rare cases, and then only where complainant's right to the relief is clear and certain.' 32 C.J. 26, § 7." City of Decatur et al. v. Meadors, 235 Ala. 544, 546, 180 So. 550, 552.

The property rights involved, the aeroplane and its contents, are the property of Woltz Aerial Surveys, Inc., and the airport, we assume, is the property of the City of Birmingham.

■■ A mandatory injunction should not be granted which would interfere with the rights of the City of Birmingham without making it a party to the bill. Gillespie et al. v. Gibbs et al., 147 Ala. 449, 41 So. 868. Said Woltz Aerial Surveys, Inc., cannot maintain a bill to protect their property rights through and in the name of their employe. Alabama Independent Service Station Ass'n et al., v. McDowell, Sheriff, et al., 242 Ala. 424, 6 So.2d 502.

■ Under the evidence offered at the hearing of the application it certainly cannot be said that complainant's right to relief appears clear and unmistakable on the law and facts. He does not come into court with clean hands, and in these circumstances, a court of equity will not interfere to aid him. Harton v. Little, 188 Ala. 640, 65 So. 951.

The decree of the circuit court is reversed and an order is here entered denying the writ and the cause is remanded.

Reversed, rendered and remanded.

All the Justices concur.