46 So.2d 815

### METHVIN et al. v. HAYNES.
### 7 Div. 34.

Supreme Court of Alabama.
March 30, 1950.

Rehearing Denied June 22, 1950.

Ralph D. Porch, of Anniston, for appellants.

Young & Young, of Anniston, for appellee.

BROWN, Justice.

The complainant, as the bill alleges, owns "the premises known as No. 132 Gray Street in the Town of Oxford, Calhoun County, Alabama, and the respondents own or are reputed to own and are in possession of the premises known as No. 128 Gray Street in the Town of Oxford, Calhoun County, Alabama; that an alley 20 feet in width runs between said lots to a depth of 280 feet, more or less, said alley being more particu-larly described as follows to wit: "Commencing at a point on the West side of Gray Street 100 feet North of the Northwest intersection of Gray Street and Graham Street, thence North along the West side of Graham Street 20 feet, thence west of even width 280 feet, more or less."

The right of complainant to use this alley is the bone of contention in this case. The other matters complained of are incident to this controversy and consist of alleged trespasses, threats, obscene language and other personal acts toward complainant and his family in respect to all of which the bill seeks a mandatory, preliminary and permanent injunction against the defendants Eugenia Toland Methvin and Ethel Toland, compelling them to "forthwith remove said obstruction to said alleyway on Gray Street and to take down and remove the said fence hereinabove described and to restore complainant's fence to the place from which it was removed by the respondents, their servants, agents and employees and to forever refrain from obstructing the said alley and trespassing upon complainant's premises and interfering with complainant's use of the said alley in any manner whatsoever, to refrain from calling up complainant and the members of his family by telephone or otherwise; to cease and desist from all such conduct as may tend to embarrass and humiliate complainant and the members of his family; to refrain from threatening to assault complainant and the members of his family; and to refrain from committing any act or acts towards the complainant and the members of his family tending to cause a breach of the peace."

The bill was filed by the appellee on April 11, 1949. Complainant claims an easement on and over said alley established by prescription and continuous use by complainant and his predecessors in title under claim of right for twenty years or more. The residence of complainant is No. 132 on Gray Street, which runs north and south, and the house occupied by the defendants is No. 128 Gray Street. The alley runs immediately north of complainant's property line between the said Nos. 132 and 128.

The pertinent allegations of the bill are: "That said alleyway for more than 20 years

immediately last past has been used by the complainant and his predecessors in title, together with the respondents and their predecessors in title for the general purpose of the right of way as such alleyways are commonly used, among other things to enable trucks, carts and wagons of the sanitary department of the Town of Oxford to remove garbage and trash from the rear of complainant's premises, and along which to carry fuel, groceries and other articles by trucks or vehicles necessary and incident to the use of the dwelling, and for the purpose of reaching the garage on the rear of complainant's lot and for the general convenience of complainant; that until now such use of said alley has been and continues to be necessary to the enjoyment of complainant's house and lot.

"Complainant further respectfully represents that the respondents, their servants, agents and employees have repeatedly trespassed that portion of complainant's lot measuring 10 feet North and South by 132 feet East and West and distant from Gray Street 280 feet, more or less; that respondents, their said agents, servants and employees tore down and destroyed complainant's fence, marking that part of his lot described in this paragraph and have gone upon complainant's said lot and erected a great barrier consisting of many posts measuring some 10 feet in height and many strands of barb wire; that complainant's said fence removed by respondents, their servants, agents and employees, has enclosed a part of respondent's premises hereinabove described for more than 20 years.

"Complainant further respectfully represents that the said 20 foot alley has been continuously used for more than 20 years and without interruption, and said 20 foot alleyway has been used by the complainant and his predecessors in title for the purpose of hauling groceries, fuel and household supplies to reach the garage on the rear of complainant's said lot, and by the sanitary department of the Town of Oxford, Alabama to remove trash and garbage from the rear of complainant's said lot; that said use was not permissive, but that complainant so used said alleyway under claim of right, openly, notoriously, and continuously, together with his predecessors in title, for more than 20 years, immediately last past.

"Complainant avers that during towit: the month of March, 1949, the respondents have obstructed said alleyway by erecting a fence or gate across the mouth of said alley on Gray Street, thereby permanently blocking said alley and denying the use thereof to the complainant and thereby, greatly inconveniencing him in the use of the said premises."

The bill verified by affidavit as to truth was presented to the Hon. Leslie Longshore, one of the Circuit Judges, on an application for fiat for the issuance of a temporary injunction on the day it was filed and the same was set down for hearing by him on the 15th day of April, 1949. On the 13th of April, Judge Longshore filed an order of recusal accompanied by an order vacating his former order with request that Judge DeBardelaben, his Associate Judge, take cognizance of said order and act thereon as he might see fit.

On May 21, 1949, the respondents filed their answer alleging "Respondents assert that the premises known as 128 Gray Street in the Town of Oxford, Alabama are owned by the Estate of Merit H. Toland and that they are not owned by Eugenia Toland Methvin and Ethel Toland, Respondents, and that all of the heirs of Merit H. Toland, deceased, are necessary and indispensable parties respondent in the above-styled cause and that this cause should not proceed until all of the heirs of Merit H. Toland are made parties respondent.

"Respondents deny that an alley exists between 128 Gray Street and 132 Gray Street and say that said twenty foot strip alleged to be an alley is a private driveway providing the owner entrance for vehicles into the residence of 128 Gray Street; that said drive ends at the rear of the property known as 128 Gray Street, that it has never been dedicated by the Town of Oxford as an alley nor used as such. Respondents deny that said drive has been used by the complainant and his predecessors in title for ingress and egress to the premises known as 132 Gray Street, now owned by the Complainant, Paul M. Haynes.

62

"Respondents would further show that because of the alleged claim of the Complainant, Paul M. Haynes, to this said drive in question, Respondents caused to be made a plat of survey by a registered civil engineer in June of 1948, which plat of survey shows clearly that the drive in question lies solely on the premises of 128 Gray Street and not on the property of the Complainant. So far as the Respondents know, Complainant has never had a plat of survey made in the attempt to validate his claim to the said drive. Respondents particularly deny that Complainant has used this driveway under claim of right, openly, notoriously and continuously, together with his predecessors in title for more than twenty years immediately past, and state that there has been on the property of 132 Gray Street a fence erected by the predecessors of title to Paul M. Haynes, which said fence shows that the predecessors of title to Paul M. Haynes clearly did not assert claim of any sort to the said drive in question.

"Respondents assert that they have built a wire fence between 132 and 128 Gray Street for their own protection because of the repeated trespasses of the Complainant and persons living in his home, which said trespasses were intended to threaten, harass, and frighten Respondents and to keep them in a state of fear. Respondents assert that they live at 128 Gray Street alone, and that they are afraid for their safety because of the conduct of Complainant, members of his family, and other residents of 132 Gray Street.

"Respondents further deny using abusive, obscene, violent and threatening language to the Complainant and members of his family and deny threatening the Complainant and members of his family with bodily harm. * * *."

On motion of the solicitors for defendants with notice to the solicitors for complainants Judge DeBardelaben "for cause shown by said respondents," the hearing of said matter was continued from July 20 to August 30, 1949, at 9:00 A.M., "at which last mentioned appointed time the testimony in this case shall be taken orally before the Court." Notice was ordered to be given to

the solicitors for both parties and a like order was made on motion of complainant's solicitors after notice to their adversaries and for cause shown "the hearing of said matter was continued from August 30th, 1949, to August 31, 1949, at 9:00 A.M." On the date last above mentioned the parties examined witnesses, their testimony covering some eighty or more pages of the record. At the conclusion of the examination of witnesses, the following colloquy occurred between Judge DeBardelaben and Mr. Porch, one of the defendant's solicitors:

"The Court: Is that all the documentary evidence and oral evidence in the case? Mr. Porch, do you have any evidence to offer for the respondents. I can't put this case off any longer.

"Mr. Porch: Well, I couldn't try it, there is no time. I told you before I couldn't do that and I guess this record will show.

"The Court: I really don't appreciate her attitude toward the Court. I am not critical of you but I think I have been more than fair about this thing. She left for Florida after the case was set and I don't appreciate that. I am just not willing to put it off any longer.

"Mr. Porch: When do you suggest we try the balance of this case?

"The Court: We are trying it right now unless you can offer it by tomorrow. If you can offer some testimony tomorrow I think I can hear it in the morning if you have some. I have given ample opportunity to you and to the people you represent.

"Mr. Porch: I am not prepared to submit at this time.

"The Court: All right.

"Mr. Porch: We will make a note of testimony.

"The Court: I am not disposed to put it off any longer. I have given ample notice."

The solicitors for the complainant filed a note of testimony as of September 1, 1949. None was filed for the defendants. The final decree from which this appeal is prosecuted was entered and filed on September 2, 1949, granting the relief as prayed in the bill.

At the opening of hearing of testimony the record shows the following:

"The Court: I would like to go ahead. I would like for you to state to the court what you contend and what—show on the board what the argument is about and also from Mr. Porch what his contention is.

"Mr. Porch: May it please the Court, the first paragraph of my answer is a plea of necessary parties and it has never been adjudicated and never been heard. I would think that would take place over the presentation of the case.

"The Court: Yes, sir. I think that needs adjudication.

"Mr. Porch: We state that the respondents assert, or the two in this case, Ethel Toland and Eugenia Toland Methvin, assert the premises known as 128 Gray Street in the Town of Oxford, Alabama, are owned by the estate of Merit H. Toland and that they are not owned by Eugenia Toland Methvin and Ethel Toland and that all the heirs of Merit H. Toland are necessary and indispensable parties respondent in the above styled cause and that this cause should not proceed until all the heirs of Merit H. Toland are made parties respondent. Now, I wish to go into that.

"The Court: All right.

"(At this point the law was argued by counsel for both parties.)

"Mr. Porch: Now, the controversy from which this whole thing arose is over the question of land, of who owns the land.

"The Court: I will be glad to let you submit testimony on the question of the heirs.

"Mr. Porch: I would like to limit that testimony only in support of whether all heirs are parties respondent.

"The Court: I will permit that.

"Mr. Young, Jr: May I interrupt? Has your Honor read the bill, are you familiar with it? All we ask is the common alleyway used for fifty or 75 years be opened.

"The Court: I am not ruling. I am going to let him submit the proof as he wants to do as to whether there are other heirs and I would like to know who they are and where they are and then I will make my ruling. It is limited solely to the question of who the heirs are.

"Mr. Young, Jr: Yes, sir."

The only testimony taken by defendants shows that the property known as No. 128 Gray Street was owned in his lifetime by Merit H. Toland, that he died intestate and left surviving several heirs including the respondents Mrs. Methvin and Ethel Toland, Dasy Toland Grist, Jabez Curry Toland, Mrs. Margaret Toland Hale, three minors, heirs of James Gray Toland, and Robert A. Toland, Sr., and their interest in the house and lot known as No. 128 Gray Street and the said alley as their private property.

There can be no doubt that a permanent easement over lands whether created by grant or use is an incumbrance on the legal title affecting the salability and value and use of the property. Cowan v. Southern Ry. Co., 118 Ala. 554, 23 So. 754; Stein v. Dahm, 96 Ala. 481, 11 So. 597; McGhee v. Wilson, 111 Ala. 615, 20 So. 619, 56 Am. St.Rep. 72.

"The general rule is that persons whose rights are directly and necessarily affected by the decree, and are materially interested in the subject-matter of a suit, in equity, must be made parties." Turnipseed et al. v. Blan, 226 Ala. 549, 148 So. 116, 118; Webster v. Talley et al., 251 Ala. 336, 338, 37 So.2d 190; Court of County Revenues for Lawrence County et al. v. Richardson, 252 Ala. 403, 41 So.2d 749.

The learned trial Judge in proceeding to final decree over the objection of appellant seems to have relied on Rules 29 and 30 of Equity Practice. Code of 1940, Tit. 7 Appendix, p. 1075. Rule 29 provides, *inter alia*. "The decree shall be without prejudice to the rights of the absent parties in that they may claim their shares of any funds in court, or if paid out by order of court, may recover their shares from parties to whom such funds may have been so paid."

The quoted provision of said rule relates to cases dealing with the disbursement of funds subject to distribution, but cannot apply to a permanent incumbrance

on the legal title or the right of unity of possession and use of tenants in common. Such incumbrance would be a source of irritation and the production of future litigation and vexation by necessary parties not being brought within the jurisdiction of the court in respect to the res. The burden of bringing necessary parties in is on the complainant and on final hearing if he has omitted a necessary party, his bill will be dismissed. Warner v. Warner, 248 Ala. 556 [8, 9], 566, 28 So.2d 701; Ruffin v. Crowell, 253 Ala. 653, 46 So.2d 218; Baisden v. City of Greenville, 215 Aa. 512, 513, 111 So. 2.

■ The legal title which passed to the several heirs at law of Merit H. Toland, deceased, as tenants in common is several, each tenant representing his own interest and no other. Ruffin et al. v. Crowell et al., supra. The parties not brought in are not so numerous as to warrant their omission under Rule 30 and they may be brought in as parties by constructive service by registered mail or by publication so as to bind them as to the *res* located within the court's jurisdiction in Alabama. Turnipseed et al. v. Blan, supra.

It clearly appears from the record before us that "the matter" on which the case was set down for hearing was the application of the complainant for an order granting a temporary injunction and it was on this "matter" that the testimony was taken. At the conclusion of the hearing of the testimony the Judge announced he was trying the case as on final hearing on pleadings and proof and over the objection of the respondents' solicitor that he was not ready to submit testimony, the court entered the final decree from which this appeal is prosecuted.

■ The existence of said easement is disputed and the nature of the injunction which the complainant seeks is mandatory. "To sustain a bill to enjoin the obstruction of an easement, except as incidental to other equitable relief, it must appear that the remedy at law is either doubtful, difficult or not sufficient to grant adequate relief. Lide v. Hadley, 36 Ala. 627, at page 635, 76 Am. Dec. 338. * * *." Sellers v. Valenzuela, 249 Ala. 627, 629, 32 So.2d 517, 518. "Man-

datory injunctions are rarely granted on interlocutory applications except where right of complainant is clear and unmistakable on the law and the facts and there exists an urgent necessity for issuing of writ in order to prevent extreme or other serious damage which would ensue from withholding the writ." City of Decatur et al. v. Meadors, 235 Ala. 544, 180 So. 550; Wharton, Adm'r v. Hannon, 115 Ala. 518, 22 So. 287; Id., 101 Ala. 554, 558, 14 So. 630. Nor will a court of equity ordinarily intervene to supervise and restrain personal conduct of individuals. Such matters are left to courts of law. Montgomery & W. P. R. Co. v. Walton, 14 Ala. 207; 14 R.C.L. § 78, p. 376.

■ We are of opinion, therefore, that the decree granting the permanent mandatory injunction was laid in error and must be reversed not only because of the absence of necessary parties defendant but also because the case was not ready for submission except on the application for temporary injunction. Hughes et al. v. Stephens et al., 219 Ala. 134, 121 So. 397; City of Decatur et al. v. Meadors, supra; Ex parte Gilbert, 253 Ala. 232, 43 So.2d 816.

Reversed and remanded.

LIVINGSTON, SIMPSON and STAKELY, JJ., concur.