165 So.2d 739

**BOARD OF WATER AND SEWER COMMISSIONERS OF the CITY OF MOBILE et al.**

v.

**MERRIWETHER CONSTRUCTION COMPANY, Inc.**

1 Div. 188.

Supreme Court of Alabama.

June 18, 1964.

S. P. Gaillard, Jr., and Hardy B. Smith, of Gaillard, Wilkins, Smith & Green, Mobile, for appellants.

Wright, Long & Franco and John T. Batten, Montgomery, for appellee.

**652**

MERRILL, Justice.

Appeal from a decree ordering the issuance of an injunction after a hearing on application for a temporary injunction.

The original bill for injunction was filed on August 29, 1963, and hearing set for September 6, but the bill was amended, demurrers filed and refiled after subsequent amendments, and the hearing was held on pleadings, exhibits and affidavits on October 18, 1963. The decree was rendered and filed on October 28, 1963.

The bill as amended alleged that appellee, Merriwether Construction Co., Inc., installed a portable 75,000 gallon sewage disposal plant to serve the residences in Gulf Dale Subdivision off Dauphin Island Parkway in 1959; that it would be a temporary facility for the exclusive use of residences located in the subdivision; that on April 18, 1963, the Circuit Court of Mobile County determined that title to the plant was in Merriwether Construction Company; that the appellant Water Board was permitting members of the general public to be connected to the plant; that the sewage disposal plant has become a public facility, and that the Water Board had no legal right to permit connections to the sewer lines by others than the residents of the subdivision.

The amended prayer, after seeking process, prayed, that upon a hearing, the court would "issue a temporary injunction enjoining the respondents from using the said sewage disposal plant or allowing it to be used by the public until and unless the said parties respondent acquire the title to the said equipment after the fair market value of the said facility has been determined by this Court and upon a final hearing, the said temporary injunction be made permanent."

■ Appellants contend that the bill did not contain equity and therefore could not support the injunction. The bill as amended did contain equity and that contention is without merit.

After demurrer was overruled, respondents filed a sworn plea and a sworn answer, both of which stated that the Board had entered into a written agreement with Gulf Development Company, of which E. N. Merriwether was president, whereby Gulf Development would construct a sewer treatment plant at its own cost, but the Water Board would operate it until it was no longer necessary to use it for the subdivision, (Exhibit A to the plea and answer); that Merriwether Construction Company, of which E. N. Merriwether also was president, filed a bill against Gulf Development Company to enforce a lien for failure to pay for the plant; that the suit was filed on April 18, 1963, the answer of Gulf Development Company, admitting all the allegations of the bill, was also filed on April 18, and still on the same day a decree was entered placing title to the plant in Merriwether Construction Company; that respondents were not made parties to the suit and that E. N. Merriwether and Merriwether Construction Company were estopped to deny the execution of the contract (Exhibit A) and were estopped to deny the Board's rights under the contract.

On October 28, 1963, the court entered its decree finding and holding that the sewage disposal plant is the property of Merriwether Construction and the respondents, acting as the Board, are burdening the system with unauthorized uses and users for which the respondent Board, in turn, receives compensation without either acquir-

ing complainant's system or paying for the use of the same and that if this is not the conversion of the system, at least it seems the appropriation of the same for an unauthorized and burdening use, without first making just compensation as required by Section 235 of the Constitution and that the system should either be acquired or its use for improper additional customers be abandoned and that the respondent Board and its members are enjoined and restrained from using or allowing the public to use the sewage disposal plant owned by the complainant except for sewage disposal from Gulf Dale Subdivision residents. Respondents were further enjoined from accepting rental moneys from customers outside of the subdivision for the privilege of putting sewage into the disposal plant and the respondents are further ordered to turn over to the complainant any sums the Board has obtained or collected from its customers theretofore as a rate or charge for allowing sewage to be emptied into, transferred or treated in the sewage disposal system. The decree also makes the injunction effective thirty days from the date of the decree unless "the respondents shall, within such period acquire the same from complainant."

Assignment of error 7 charges that the court erred in granting an injunction against appellants without requiring appellee to give bond. Title 7, §§ 1041 and 1042, Code 1940, require bonds to be given before the issuance of injunctions in specific situations, and Tit. 7, § 1043, applicable here, provides that "in other cases" the party seeking the injunction must give bond. Our cases hold that it is reversible error to issue a temporary restraining order or a temporary injunction without requiring complainant to give a bond as required by the statutes. Persons v. Summers, 274 Ala. 673, 151 So.2d 210; Loop National Bank of Mobile v. Cox, 255 Ala. 388, 51 So.2d 534; Morris v. Sartain, 224 Ala. 318, 140 So. 373; Ex parte Miller, 129 Ala. 130, 30 So. 611.

Mandatory injunctions are rarely granted on interlocutory applications, and to justify the granting of the writ after notice and hearing, the right of complainant must be clear and unmistakable on the law and the facts; and there must exist an urgent and paramount necessity for the issuing of the writ in order to prevent extreme or other serious damage which would ensue from withholding it. City of Decatur v. Meadors, 235 Ala. 544, 180 So. 550; Alabama Power Co. v. City of Guntersville, 236 Ala. 503, 183 So. 396, 119 A.L.R. 429; Methvin v. Haynes, 254 Ala. 58, 46 So.2d 815.

A preliminary mandatory injunction is a remedy which usually has the effect of granting the relief available on final decree and should be refused except in very rare cases and granted only when the right to it is clear and certain. Braswell v. Malone, 262 Ala. 323, 78 So.2d 631; Green v. Messer, 243 Ala. 405, 10 So.2d 157.

Based upon the sworn answer and the affidavits presented by respondents, which were not controverted, it is clear that no irreparable injury could have resulted to appellee if the court had failed to grant the mandatory injunction. The disposal plant was not operating at capacity and there was no allegation that the Water Board was insolvent. In addition, the respondents raised a serious question of estoppel, the determination of which could be determined more satisfactorily on a trial with the right of cross-examination than upon ex-parte affidavits. We think the trial court erred in granting the mandatory injunction at this stage of the proceedings.

For the errors indicated in this opinion, the decree is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.