B.R. and Betty Harbin filed this action for an injunction ordering Carroll and Johnnie *Page 487 
Norris to refrain from interfering with an easement claimed by the Harbins over the Norrises' land and to remove a fence from the easement.
The trial court granted a preliminary injunction, stating:
 "A preliminary injunction . . . is granted . . . restraining and enjoining the Defendants, Carroll M. Norris and Johnnie L. Norris, from erecting or maintaining or permitting to be erected or maintained any obstruction or fence adjoining their property which would have the effect of obstructing or preventing plaintiffs from ingress or egress to the property owned by the plaintiffs. The Defendants are hereby required to remove any obstruction currently existing within the easement running along the southerly side of their property."
The Norrises argue that the trial court abused its discretion by granting a mandatory preliminary injunction. Indeed, the trial court's order that the Norrises "remove any obstruction" within the alleged easement is a mandatory injunction. "Mandatory injunctions are rarely granted on interlocutory applications and to justify the granting of the writ, . . . the right of complainant must be clear and unmistakable on the law and the facts; and there must[1] exist an urgent and paramountnecessity for the issuing of the writ in order to prevent extreme or other serious damage which would ensue from withholding it." (Emphasis supplied.) Board of Water SewerCommissioners of City of Mobile v. Merriwether ConstructionCo., 276 Ala. 650, 165 So.2d 739 (1964); Methvin v. Haynes,254 Ala. 58, 46 So.2d 815 (1950); City of Decatur v. Meadors,235 Ala. 544, 180 So. 550 (1938). Another way to state the "urgent and paramount necessity" requirement is to say that the injunction is issued only when, without it, the applicant would suffer immediate and irreparable injury. See Chunchula EnergyCorp. v. Ciba-Geigy Corp., 503 So.2d 1211 (Ala. 1987).
The Harbins argue that the "urgent and paramount necessity" required to sustain this mandatory preliminary injunction is supplied by the fact that their daughter Yvonne plans to build a house on the portion of their land reached by the easement. Yvonne's affidavit concerning her need to build a house states:
 "My husband and myself have recently acquired real estate from my father, Bobby R. Harbin and mother, Betty F. Harbin, for the purpose of constructing a new home thereon. . . . . We have been advised that we cannot proceed any further until the road is cleared, which is currently being blocked by a fence which is blocking the easement and access to our property. The utilities will not install same until the road is cleared. The City of Adamsville will not issue a work permit until the utilities provide us services, which they will not do until the road is clear. We cannot build our home until the roadway is cleared."
Nothing in this affidavit shows any special urgency for the removal of the fence.
A trial court has wide discretion in determining whether to grant a preliminary injunction, and its order will not be disturbed on appeal unless an abuse of that discretion is shown. Chunchula Energy, supra. Nevertheless, a trial court may be found to have abused its discretion when the order violates some established rule of law or principle of equity. ChunchulaEnergy, supra; Teleprompter of Mobile, Inc. v. Bayou Cable TV,428 So.2d 17 (Ala. 1983). We hold that the trial court abused its discretion when it granted the mandatory preliminary injunction, because in this particular situation there was no showing of an "urgent and paramount necessity" justifying a mandatory preliminary injunction. This particular situation will be better resolved by a final hearing and ruling on a permanent injunction, not by a preliminary injunction. *Page 488 
The judgment is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.
[1] We note that in Green v. Messer, 243 Ala. 405, 406,10 So.2d 157, 158 (1942), the Court wrote that "there may exist an urgent and paramount necessity." (Emphasis added.) We disapprove of this language; all other apposite Alabama cases mandate that there must exist an "urgent and paramount necessity" for issuing the writ.