ON REHEARING EX MERO MOTU
SHORES, Justice.
The opinion of August 14, 1992, issued in the case of Norris v. Harbin (1910926) is withdrawn, and this modified and restyled opinion is substituted therefor.
The case from which these appeals arise originated on January 19, 1988, when the plaintiffs, Bobby Ray Harbin and Betty Franklin Harbin, sued Carroll M. Norris and Johnnie L. Norris to enjoin interference with an easement along Ponderosa Drive, in Adamsville, Jefferson County, and sought to recover damages.[1]
The Norrises had erected a chain link fence across Ponderosa Drive. The trial court'issued a mandatory preliminary injunction on March 28,1988, finding that the Norrises had interfered with easements and instructing them to remove the fence. The Norrises appealed to this Court. We reversed and remanded for a final hearing on a permanent injunction. Norris v. Harbin, 541 So.2d 486 (Ala.1989).
Various property owners along Pondero-sa Drive then filed claims and counterclaims. In his order of September 17, 1990, the trial judge identified the parties[2] and *66 defined the central issue of the case: “Harbin cannot prevail against Norris as a matter of law unless he proves that Ponderosa Drive is a public road.”
The case was heard on that issue. The court entered a final judgment on November 15, 1991, holding Ponderosa Drive to be a public road and permanently enjoining the Norrises from obstructing it. Defendants Norris and Sarah F. Strickland moved for a new trial. Plaintiffs Harbin filed a motion to alter, amend, or vacate the judgment on the ground that the issue of damages was to be reserved for future determination. The trial court denied the motion for a new trial and did not address the issue of the reservation of damages. The Norrises appeal (1910926). The Har-bins cross-appeal from that portion of the judgment denying damages (1911104).[3]
The Norrises first question whether the Harbins have standing to bring this suit. We hold that they do, on the authority of Brown Mechanical Contractors, Inc. v. Centennial Ins. Co., 431 So.2d 932 (Ala.1983), and Ex parte Izundu, 568 So.2d 771 (Ala.1990). We next consider the Norrises’ contention that the trial judge erred in overruling their motion in limine.[4] We have carefully considered the record in this case, and we find no procedural error on the part of the trial judge. Rule 8, A.R.Civ.P.
Finally, we consider whether the trial court erred in its finding that Ponderosa Drive is a public road. We hold that there is a sufficient factual basis from which the trial judge could conclude that there had been a dedication of Ponderosa Drive as a public road. We adopt as a portion of our own opinion the final judgment of the trial court holding that Ponderosa Drive is a public road and permanently enjoining the defendants[5] from obstructing it:
“FINAL JUDGMENT
“This case has now been submitted for decision by this Court following an evi-dentiary hearing on the merits of the issues presented. Some of the facts involved in this case have already been discussed in earlier orders entered by this Court.
“The issue in this case concerns the use of a paved road known as Ponderosa Drive. The Harbins, Joneses, and Allreds contend that Ponderosa Drive is a public road. The Norrises, Sara Strickland and the Wileys say that Ponderosa Drive is not a public road. They say that Ponderosa Drive is an easement appurtenant and that the right of ingress and egress over Ponderosa Drive is limited to the property owners whose lands are serviced by the easement and the invitees of those property owners.
“As this Court has stated in earlier orders, Ponderosa Drive has for many years served as a road providing access to four parcels of real property adjacent to the road: namely, the Wiley property; the Strickland property; the Norris property; and the Harbin property. Pondero-sa Drive is the connecting road with each of these three parcels and Oakwood Drive, a public road in the City of Adamsville running north and south. Ponderosa Drive runs in an easterly direction from Oakwood Drive. Moving eastward along Ponderosa Drive from Oakwood Drive, immediately to the left *67 on Ponderosa Drive is the Wiley residence and to the right is the residence of Sara Strickland. Past the Wiley and Strickland residences, the Norris residence is on the left, and the Harbin residence is on the right.
“Ponderosa Drive reaches a dead end in line with the eastern boundary of the Harbin and Norris properties. However, the Harbins wish to extend Ponderosa Drive further to the east so that Ponde-rosa Drive can also serve as a means of ingress and egress for a parcel of real property acquired by Harbin from Allred. That recently acquired parcel was divided into two parcels. The parcel adjacent to the Harbin residence was conveyed by Harbin to his daughter and son-in-law, Debbie Yvonne Harbin Jones and Ronald DeWayne Jones. The parcel to the east of this parcel is still owned by Harbin.
“As noted in earlier orders, Ponderosa Drive, if extended further east, will service the two new parcels on the right and also service the property owned by Allred on the left.
“In 1959 Ponderosa Drive was a chert road. The four owners of the residences to which Ponderosa Drive is adjacent were using Ponderosa Drive. There are written easements which appear to describe the land occupied by Ponderosa Drive. These easements encompass portions of the Wiley property, Strickland property, Norris property, and Harbin property.
“Sometime in 1966 or 1967, Ponderosa Drive was paved with asphalt paving. This Court finds from the evidence that the paving of Ponderosa Drive was authorized by Jefferson County and carried out by employees of Jefferson County as the result of a request from the City of Adamsville to Jefferson County.
“The City of Adamsville caused its employees to fabricate and place a signal at the intersection of Ponderosa Drive and Oakwood Drive. This sign reads, ‘Ponderosa Drive,’ and was placed at its location to identify Ponderosa Drive to occupants of vehicles travelling on Oak-wood Drive.
“The City of Adamsville also caused its employees to install a sign reading, ‘Dead End,’ at the intersection of Ponde-rosa Drive and Oakwood Drive, presumably to inform members of the public travelling on Oakwood Drive that Ponde-rosa Drive came to an end and was not a link with any other road.
“Both a water line and gas line are in place under the surface of Ponderosa Drive. The one-inch gas line is a service line installed by a private contractor acting for one of the owners. However, it appears that the water line was installed by the public water company. There is no recorded easement for either the gas or the water lines along Ponderosa Drive.
“In 1968, the Alabama Power Company installed a street light on Ponderosa Drive at the request of the City of Adamsville. Since that time, the City of Adamsville has paid the charge for the illumination provided by that street light. The City of Adamsville does not have legal authority to pay for electric power furnished to energize a street light located on a private road. The installation of the light and the payment by the City of Adamsville for the electricity used by that light is evidence that the City of Adamsville considered Ponderosa Drive a public road.
“Barbara Duchock, the City Clerk for the City of Adamsville, identified the Minutes of the Meeting of the Zoning and Planning Commission of the City of Adamsville held on August 11, 1988. At that meeting, the Zoning and Planning Commission approved a plat which showed a proposed extension of Pondero-sa Drive to the new parcels owned by the Joneses and Harbin on the right and the property owned by the Allreds on the left.
“Counsel for the Harbins says that it would have been illegal under § 11-52-34, Alabama Code 1975, for the Zoning and Planning Commission to have approved the extension of Ponderosa Drive if the same had not been legally recognized then as a public road.
*68 “Counsel for the Norrises says in reply that the stipulation attached to the approval in the Minutes excluded Pondero-sa Drive as a public road. The stipulation provides in part that approval of the plat was limited, ‘only to those easements, right-of-way, lots and parcels of property which constituted any part or portion of original real property owned by Mrs. Margene R. Allred and her spouse_’ If at the time of the approval of the plat on August 11, 1988, Ponde-rosa Drive was a public road, the stipulation quoted above could not have changed its character. In any event, it would have been illogical for the Zoning and Planning Commission to approve a plat of a subdivision that it had reason to believe was landlocked. The approval of the plat is at least evidence that the City of Adamsville considered Ponderosa Drive a public road.
“Evidence was also presented concerning the manner of use made of Pondero-sa Drive. Ponderosa Drive is a dead end street. It would be manifestly impossible for vehicles to use Ponderosa Drive as a means of access to streets other than Oakwood Drive, the one street to which it is connected. There is evidence that Ponderosa Drive was used for service personnel, deliveries, and garbage pickups. Furthermore, no limitations were ever placed on its use generally by members of the public such as persons out for a drive. There are no signs anywhere stating that Ponderosa Drive is a private road and not open to the public. If Ponderosa Drive could not be considered a public road because it does not have through traffic, then no dead end road could ever become a public road.
“In Osborne v. Cromeans, 514 So.2d 32 (Ala.1987), the trial court found that the road in question was a public road and enjoined and restrained all parties from interfering with the public’s use of the road. On appeal, the supreme court affirmed. It found that there was evidence that the road was used as a service road; that the U.S. Postal Service had run its mail route over the road for many years; that the City of Scottsboro garbage pickup service had regularly operated along the road; that meter readers and other utility service personnel regularly used the road; that it was used by a gas supplier for his butane gas trucks. The supreme court also noted that there was undisputed testimony that the men, machinery and materials of the City of Scottsboro were used to prepare the road for paving and that the paving was paid for by the Cromeanses and other abutting owners, except Osborne, as was often the practice in Scottsboro in order to get travel roads paid. A standard City of Scottsboro street sign had been installed at the intersection of the road with the county park road, with the name shown as ‘E Ridge Rd.’
“The opinion in Osborne v. Cromeans, supra, attached a map showing the private road which had been found to be a public road by the trial judge. The private road in question in that case was a circular private road which only served five or so residences. The supreme court concluded that the evidence presented supported the trial court’s finding that the road had achieved a public character:
“ ‘It is well settled law in this state that, “an open, defined roadway in con- - tinuous use by the public without let or hindrance for a period of twenty years becomes a public road’ by prescription.” West v. West, 252 Ala. 296, 4[40] So.2d 873 (1949). After a prescription has been shown, the burden is then on the landowner to show permissive use only in recognition of his title, and his right to reclaim possession. West v. West, supra.
“ ‘After examining the record in this case, we are of the opinion that the trial court was authorized to find that the disputed road was an open, defined roadway, through reclaimed land, in continuous use by the public without let or hindrance for a period of more than twenty years; therefore, the judgment of the trial court is due to be, and it hereby is, affirmed.’
“Also see, e.g., Powell v. Hopkins, 288 Ala. 466, 262 So.2d 289 (1972); Sam *69 Rain [Raine] Constr. Co. v. Lakeview Estates, Inc., 407 So.2d 542 (Ala.1981).
“The defendants have also argued that there was evidence that there was a fence dividing the Harbin old property from the newly acquired property and therefore blocking the extension of the public road. This fence deteriorated with age and became nonexistent years ago. Furthermore, the fence merely defined the old boundaries of the property. There is no evidence that the fence line was ever established as a means of blocking the road but merely showing that the road went no further at the time.
“In accordance with this opinion, it is hereby declared that Ponderosa Drive, from its connection with Oakwood Drive and continuing to the part of Ponderosa Drive shown on the plat submitted to the City of Adamsville is a public road.
“The defendants, Carroll M. Norris, Johnnie L. Norris, Sara F. Strickland, Melvin L. Wiley, Marcie D. Wiley, and the City of Adamsville are hereby permanently enjoined from obstructing Ponde-rosa Drive at any point throughout its length or any extension of its length.
“All costs of court incurred in this case are hereby taxed against the defendants, Carroll M. Norris, Johnnie L. Norris, Sara F. Strickland, Melvin L. Wiley and Marcie D. Wiley.”
Vestavia Hills Board of Education v. Utz, 530 So.2d 1378 (Ala.1988); CRW, Inc. v. Twin Lakes Property Owners Ass’n, Inc., 521 So.2d 939 (Ala.1988).
We also consider the Harbins’ cross-appeal from the denial of damages. The Harbins contend that the trial court had planned to try first the issue of the existence of a public road and that it had specifically reserved the issue of damages for a second trial. We have examined the videotape record and find that, in the hearing on the Harbins’ motion, the trial judge expressly stated that he had forgotten that he had reserved the issue of damages for a later trial and that he would vacate that portion of the final judgment denying all claims for damages. However, he failed to do so. Therefore, it appears that the court may have denied damages without actually having considered the question; we reverse that portion of the judgment relating to damages, and we remand the cause for the trial court to consider the issue of damages.
OPINION OF AUGUST 14,1992, WITHDRAWN, AND MODIFIED AND RESTYLED OPINION SUBSTITUTED, EX MERO MOTU; AFFIRMED AS TO THE PERMANENT INJUNCTION (1910926); REVERSED AS TO THE ISSUE OF DAMAGES (1911104).
HORNSBY, C.J., and MADDOX, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.

. In the alternative, the plaintiffs sought to enjoin the defendants from blocking a public road.

. The trial judge's order stated that Bobby Ray Harbin and Betty Franklin Harbin were plaintiffs in case CV-88-500-159, and that Carroll M. *66 Norris and Johnnie L. Norris were defendants. Sarah F. Strickland was the plaintiff in case CV-89-1010 and was a defendant in case CV-88-500-159, along with Melvin L. Wiley and Marcie D. Wiley, Margene R. Allred and James D. Allred, and the City of Adamsville, also defendants. Previously, the plaintiffs had amended to add Ronald DeWayne Jones and Debbie Yvonne Harbin Jones as plaintiffs.

.Defendants/appellees Margene Allred and James D. Allred, have filed a brief urging the Court to affirm the trial court's ruling that Ponderosa Drive is a public road.

. This motion sought to suppress any evidence submitted by the Harbins to establish that Ponderosa Drive was a public road. The Nor-rises argued to the trial judge that the Harbins must proceed on an easement theory, not a public road theory.

. Carroll M. Norris, Johnnie L. Norris, Sarah F. Strickland, Melvin L. Wiley, Marcie D. Wiley, and the City of Adamsville.